61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip L. BOWIE, Defendant-Appellant.
 No. 94-5550.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 17, 1995.
Decided July 28, 1995.
 
 James K. Bredar, Federal Public Defender, Jeffrey E. Risberg, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, W. Warren Hamel, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before WILKINSON and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Phillip Bowie pled guilty before a magistrate judge to driving on a suspended out-of-state license in violation of Md. Transp. Code Ann. Sec. 16-303(f) (1992), and to driving on a suspended Maryland license in violation of Md. Transp. Code Ann. Sec. 16-303(h) (1992). The magistrate judge sentenced Bowie to twenty days incarceration, imposed fines totalling $150, and ordered him to pay court costs. The district court affirmed Bowie's conviction. He now appeals from the district court's order. See 28 U.S.C. Sec. 1291 (1988). Bowie argues on appeal that his guilty plea was involuntary and that the magistrate judge failed to comply substantially with the requirements of Fed.R.Crim.P. 11. Finding no error, we affirm.
 
 I.
 
 2
 Bowie argues that his guilty plea was not knowing and voluntary. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
 
 
 3
 First, Bowie contends that he did not understand he could be imprisoned if he pled guilty. However, in response to the magistrate judge's questions at his plea hearing, Bowie stated, among other things, that he had received copies of the citations and understood the charges, that he understood the maximum penalties for each offense involved periods of incarceration and fines, that he freely and voluntarily entered his guilty plea, and that there was nothing about the proceedings he did not understand. Statements made at a plea hearing that facially demonstrate a plea's validity are conclusive absent a compelling reason why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir.1981); see United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991) (stating that defendant's statement at Rule 11 hearing that he was not coerced or threatened constitutes "strong evidence of the voluntariness of his plea"), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Here, because Bowie elected to proceed without counsel, even after the magistrate judge informed him of his right to have an attorney appointed for him if he qualified, we find this claim meritless.
 
 
 4
 Next, Bowie asserts that his brief responses to the magistrate judge's questions indicated "he spoke in deference to the [c]ourt and not upon a reasoned reflection on the substance of the question" and that his guilty plea was not voluntary because after the magistrate judge imposed a sentence, Bowie asked the magistrate judge whether he could get his license back by serving his time and paying the fine in a lump sum. The transcript of the Rule 11 colloquy belies these claims. Accordingly, we find that Bowie's guilty plea to each charge was made knowingly and voluntarily.
 
 II.
 
 5
 Bowie also argues that the magistrate judge did not comply with the requirements of Fed.R.Crim.P. 11(c). Any variance from the procedures outlined in Rule 11 "which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). The harmless error analysis of Rule 11(h) applies to all allegations of Rule 11 violations. DeFusco, 949 F.2d at 117. To determine whether a Rule 11 error is harmless, we must determine whether Bowie's full knowledge of the correct information "would have been likely to affect his willingness to plead guilty." United States v. Johnson, 1 F.3d 296, 302 (5th Cir.1993). That is, we must " 'examine the facts and circumstances of the ... case to see if the [magistrate judge's] flawed compliance with ... Rule 11 ... may reasonably be viewed as having been a material factor affecting [Bowie's] decision to plead guilty.' " Id. (quoting United States v. Bachynsky, 934 F.2d 1349, 1360 (5th Cir.) (in banc), cert. denied, 60 U.S.L.W. 3343 (U.S.1991)).
 
 
 6
 First, Bowie contends that the magistrate judge failed to inform him of the nature of the charge and the maximum and minimum penalties because the magistrate judge only recited the information on the citations. Although Bowie may not be a sophisticated defendant, the charges of driving on a suspended Maryland license and on a suspended out-of-state license are not complex charges. See DeFusco, 949 F.2d at 117. Further, Bowie had two prior convictions for driving on a suspended license so that he should have been on notice of the true nature of the charges. See id. Thus, we find that the magistrate judge fully complied with the dictates of Rule 11 and did not fail to address Bowie's substantial right to understand the nature of the charges against him.
 
 
 7
 Second, Bowie argues that the magistrate judge's question, "You are proceeding without an attorney today?", did not inform him of his right to counsel. We find this claim meritless because the transcript of the plea hearing discloses that the magistrate judge adequately informed Bowie of his right to counsel.
 
 
 8
 Finally, Bowie asserts that the magistrate judge failed explicitly to inform him that he had the right to plead not guilty and not to be compelled to incriminate himself. A failure to advise a defendant of these rights at the Rule 11 hearing does not necessarily invalidate the guilty plea. See United States v. Wagner, 996 F.2d 906, 913 (7th Cir.1993), cert. denied, 62 U.S.L.W. 3452 (U.S.1994)." [W]hen a court advises the defendant that by pleading guilty he is waiving his rights to trial by jury and to confront the witnesses against him,'a ritualistic question to a defendant asking if he understands that he is waiving his right against self-incrimination' is unnecessary." United States v. Henry, 933 F.2d 553, 560 (7th Cir.1991) (quoting United States v. Dorszynski, 484 F.2d 849, 851 (7th Cir.1973), rev'd on other grounds, 418 U.S. 424 (1974), and cert. denied, 424 U.S. 977 (1976)), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 9
 In this case, the Rule 11 transcript discloses that Bowie was informed thoroughly of his rights. The magistrate judge informed Bowie of the right to trial by jury or by the district court, the right to cross-examine witnesses, the right to call witnesses on his behalf, and the right to object to evidence or constitutional problems. Bowie acknowledged that he understood he was giving up these rights by pleading guilty. Therefore, under the totality of the circumstances, we find that the magistrate judge's omission of the precise words of Fed.R.Crim.P. 11(c)(3), regarding Bowie's right to plead not guilty and right against compelled self-incrimination, probably did not affect his willingness to plead guilty, see Johnson, 1 F.3d at 302, and did not affect any substantial right so that the omission was harmless error. See Henry, 933 F.2d at 560; Fed.R.Crim.P. 11(h).
 
 III.
 
 10
 Accordingly, we affirm Bowie's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED