**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4833

JACKIE ROBINSON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-96-32)

Submitted: September 30, 1997

Decided: November 5, 1997

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. Alfred William Walker Bethea, Assis-
tant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jackie Robinson, Jr., pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994), and was sentenced to 94 months imprisonment. At the sentencing hearing, Robinson's counsel moved for a continuance so that Robinson could file a motion to withdraw his guilty plea. The court subsequently considered and denied the motion to withdraw, treating it as one filed before sentencing.

On appeal, Robinson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court conducted a proper plea hearing under Fed. R. Crim. P. 11, and whether the court erred by denying Robinson's motion to withdraw his plea. Counsel asserts that there are no meritorious grounds for appeal. Robinson was informed of his right to file a pro se supplemental brief, and has filed a brief raising additional arguments relating to his Rule 11 hearing and the court's denial of his motion to withdraw his plea.

We accord great deference to the trial court's conduct of the Rule 11 hearing, and evaluate Rule 11 violations under the harmless error standard. See United States v. DeFusco, 949 F.2d 114, 116, 117 (4th Cir. 1991). We may vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affected a defendant's substantial rights. Id. at 117. The court asks "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (quoting United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc)). In this case, the court discussed the nature and elements of the charges, ensured that Robinson had consulted with and was satisfied with counsel, understood the rights he forfeited by virtue of his plea, and entered the plea freely and voluntarily. The court also ascertained that there was a factual basis for the plea.

Robinson correctly argues in his informal brief, however, that the court failed to personally inform him of the mandatory minimum sen-

2

tence (of five years) he faced for his conviction under § 841(a), and also erroneously told him that he faced a maximum supervised release term of four years but then sentenced him to five years supervised release. We have specifically held that Rule 11(c)(1) requires the district court to inform the defendant of any mandatory minimum sentence required by statute. See Goins, 51 F.3d at 402.

On the other hand, "[f]ailure to inform a defendant about applicable mandatory minimums can be, but is not necessarily, a serious oversight. The inquiry is fact bound." United States v. Padilla, 23 F.3d 1220, 1222 (7th Cir. 1994). As we have alluded to, the ultimate question is whether the error was harmful in the sense that it likely actually affected the decision to plead guilty. One example where the failure to inform may be harmless is where the record reflects that the defendant was actually aware of the information that the court failed to impart. See Goins, 51 F.3d at 402-03. That is the situation in this case, as the record reflects that during the Rule 11 hearing, the Assistant United States Attorney stated the mandatory minimum sentence Robinson faced in response to the court's inquiry regarding Robinson's sentencing range. When the court reiterated this information, it omitted reference to the mandatory minimum, but Robinson was nonetheless actually alerted to the existence of a five-year minimum sentence.

Moreover, the sequence of events reflected by the record in this case suggests that neither error committed at the Rule 11 hearing likely affected Robinson's decision to plead guilty. The presentence report was prepared in June 1996. The report explicitly discusses the applicable mandatory minimum sentence, and the maximum term of supervised release. Robinson filed his motion to withdraw his guilty plea on August 29, 1996. As grounds for the motion, Robinson asserted that he felt pressured to plead guilty because a co-defendant's attorney advised him that all the co-defendants should either plead guilty or go to trial together, and all four co-defendants were pleading guilty. He also alleged that a co-defendant's attorney told him that he had no chance of winning at trial because he was black. Despite being alerted to the applicable sentence ranges over two months earlier, Robinson did not allege in his motion that he had been misled about his possible sentence, or that his misconception had anything to do with his decision to plead guilty. In fact, even on appeal, Robinson

3

does not allege that this error affected his decision to plead guilty, but merely asserts that the error automatically invalidates his plea. Accordingly, we find the errors committed by the district court in the conduction of the Rule 11 hearing to be harmless.

Robinson next asserts that the district court erred by denying his motion to withdraw his guilty plea. Under Fed. R. Crim. P. 32(d), a court may grant a motion for withdrawal of a guilty plea made before sentencing if the defendant presents a "fair and just reason" for withdrawal. A fair and just reason is one which brings into question the validity of his plea. See United States v. Hyde , ___ U.S. ___, 1997 WL 273691 (U.S. May 27, 1997) (No. 96-667). The district court denied Robinson's motion after explicitly considering the factors we found to be most relevant to the "fair and just reason" test in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

First, the court found the record devoid of evidence that Robinson's plea was not entered knowingly or voluntarily. We disagree with Robinson's assertion that the fact that during the plea hearing one co-defendant requested more time to think about his decision, and to speak with his co-defendants, should have put the court on notice that the pleas might not be voluntary, particularly since the court granted the requested time, and all defendants subsequently pled guilty. Next, while Robinson asserted that he was not guilty in his motion, he provided no support for his claim. Hence, there is no merit to Robinson's contention on appeal that the court should have ordered an evidentiary hearing to explore the question of actual innocence.

The court also noted that Robinson filed his motion nearly three months after entering his plea, and that he received close assistance of counsel. Robinson acknowledged his satisfaction with counsel at the plea hearing and in his motion. As the court properly found that each of these factors weighed against granting the motion, we find that it did not abuse its discretion by denying it. See United States v. Sparks, 67 F.3d 1145, 1150, 1154 (4th Cir. 1995) (stating standard of review and explaining relative importance of various Moore factors).

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Robinson's conviction and sentence. This court

4

requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5