**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-40554
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ADRIAN RANGEL-SILVA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(B-97-CR-502-1)

April 8, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Adrian Rangel-Silva pleaded guilty to being present in the United States, without permission, following deportation, in violation of 8 U.S.C. §§ 1326(a), (b). The district court sentenced him to a 46-month term of imprisonment. Rangel-Silva timely filed this appeal, in which he argues that his conviction must be reversed because the record of the guilty plea proceedings is insufficient to allow for meaningful appellate review. He

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

asserts that we cannot evaluate, by reviewing the rearraignment record, his personal responses to the district court's questions and cannot discern whether he understood the rights he was waiving. Furthermore, he contends that this error is not harmless because he is being denied his statutory right to appeal. Rangel-Silva's contentions are without merit. We affirm.

In the instant case, the district court conducted Rangel-Silva's rearraignment simultaneously with several other defendants. The district court stated on the record that it would conduct the proceedings in Spanish because the defendants and the attorneys understood Spanish and that the interpreter would translate the proceedings into English for transcription. The district court stated on the record that each defendant indicated that he wanted the proceedings to be conducted in Spanish. The district court asked for objections from counsel, and the court received no objections. The district court stated on the record that it would follow a procedure in which it would elicit a response from each individual defendant and that the record would show the response. The district court stated on the record that "[i]t is incumbent upon counsel to show that the court is in error." The district court, after most of its inquiries, states for the record that each defendant had answered in the affirmative or in the negative. The district court did not elicit individual responses from each of the defendants for all the inquiries required by FED.R.CRIM.P. 11. The district court did, however, obtain on the record individual responses from the defendants when it asked them whether they

2

understood what they were being accused of doing[2], when it explained the potential penalty that the defendants faced and when it read the actual charges against each defendant. The district court obtained an individual plea of guilty from Rangel-Silva and obtained an individual response from him regarding the lack of any plea agreement with the Government.

A guilty plea involves the waiver of several constitutional rights, and thus, it must be intelligent and voluntary. FED. R. CRIM. P. 11 requires the district court to follow certain procedures in determining whether a defendant's guilty plea is made knowingly and voluntarily. We employ a two-part "harmless error" analysis to determine whether the district court has complied with Rule 11: (l) whether the sentencing court varied from the procedures required by Rule 11; and (2) if so, whether such variance affected the defendant's substantial rights.[3]

The procedure about which Rangel-Silva complains raises concerns about possible error under Rule 11 and applicable case law. However, because he failed to object to the procedure even when the district court explicitly invited objections, we will not exercise our discretion to correct any possible error. See United States v. Nufio-Ortiz, No. 98-40370 (5th Cir., March 25, 1999) (unpublished opinion).

Rangel-Silva also argues that the district court erred when it

---

[2]Boykin v. Alabama, 395 U.S. 238 (1969).

[3]United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993)(en banc).

3

failed to recognize its authority to depart downward from the sentencing guidelines based on his "cultural assimilation" in the American society. This court "may only review a trial court's refusal to grant a downward departure from the guidelines if the refusal was based on a violation of the law." United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997). Rangel-Silva argues that the district court denied the downward departure because it concluded as a matter of law that it lacked authority to depart downward on this basis.

At best, the record is ambiguous as to whether the district court denied the downward departure because it determined that Rangel-Silva did not warrant a downward departure or whether the court determined that it had no authority to depart on that basis. Where the record is ambiguous, we presume the court recognized its authority. See United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995); United States v. Bailey, 975 F.2d 1028, 1035 (4th Cir. 1992); United States v. Helton, 975 F.2d 430, 434 (7th Cir. 1992); United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir. 1991); United States v. Russell, 870 F.2d 18, 20 (1st Cir. 1989). Under these circumstances, the district court's refusal to depart is not reviewable.

AFFIRMED.