IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 92-8057

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY JOHNSON,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas

---

(January 28, 1993)

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Michael Anthony Johnson pled guilty to one count of distribution of cocaine within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841 (a) and 860 (a), and one count of unauthorized acquisition and possession of food stamps, in violation of 7 U.S.C. § 2024 (b). The district court accepted the plea and sentenced Johnson to 210 months imprisonment and six years supervised release.

During the plea colloquy, the district court did not advise Johnson that 21 U.S.C. § 860 (a) carries a mandatory minimum penalty of one year imprisonment as Fed. R. Crim. P. 11 (c) (1) provides. On appeal Johnson contends that the court's failure to

comply with Rule 11 requires that his plea be set aside.  We agree and therefore vacate Johnson's sentence and conviction and remand the case in order that he may replead.

I.

Rule 11 provides:

Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines under some circumstances, and when applicable, that the court may also order the defendant to make restitution to any victim of the offense.

Fed. R. Crim. P. 11 (c).  During the plea colloquy, the district court informed Johnson of the maximum penalty and supervised release term, but omitted the mandatory minimum penalty of one year imprisonment set out in 21 U.S.C. § 860 (a).  The court stated: "[The] maximum possible punishment that can be assessed against a person convicted of that offense could be as many as 40 years of incarceration, followed by at least six years and up to 10 years of supervised release . . . ."  Vol. II, at 20.

The government concedes that the district court did not comply fully with Rule 11, but contends that its omission of the statutory minimum penalty was harmless error.  According to the government, the court's mistake does not implicate the core concern that defendants understand the consequences of their pleas, see, e.g., United States v. Adams, 961 F.2d 505, 510 (5th Cir. 1992); United

2

States v. Bachynsky, 934 F.2d 1349, 1354 (5th Cir.), cert. denied, 112 S.Ct. 402 (1991), for a review of the transcript of Johnson's plea proceeding discloses his cognizance of the minimum prison term he faced. Just before the district court was to accept the plea, Johnson's counsel intervened, stating "I need to get something into the record for Mr. Johnson."  After Johnson agreed that counsel had informed him that he would be subject to an enhanced sentence under U.S.S.G. § 4B1.1 as a career offender, the following exchange took place:

> [Counsel]: Okay.  And you understand that you're looking in the neighborhood of 262 to 327 months, which is 21 to 27 years, under the Federal Sentencing Guidelines.  You understand that, do you not?
>
> Defendant Johnson: Yes, sir.
>
> [Counsel]: And understanding that and my explaining that to you two days ago or three days ago and then again--and then again today, do you still want to proceed with your plea?
>
> Defendant Johnson: Yes, sir.
>
> [Counsel]: Okay.  You understand what you're looking at and you're going into this with your eyes wide open?
>
> Defendant Johnson: Yes.

Vol II, at 53-54.

The government maintains that such clear evidence of Johnson's understanding of his sentencing range under the guidelines renders the district court's failure to inform him of the statutory minimum sentence harmless error under Rule 11 (h). This argument presupposes, however, that omissions of a mandatory minimum penalty are susceptible to harmless error review.  Our precedents are to the contrary.  In United States v. Martirosian,

3

967 F.2d 1036, 1039 (5th Cir. 1992), we held that "[t]he failure to advise Martirosian of the minimum mandatory sentence was a complete failure to address a Rule 11 core concern, mandating that the plea be set aside." Rule 11 (h) does not apply to plea terms such as a mandatory minimum penalty. See also United States v. Pierce, No. 92-4232 (5th Cir. Dec. 29, 1992) (mistakes pertaining to maximum sentence may not be reviewed for harmless error). Even where the plea transcript amply demonstrates that a defendant has been advised of, and appears to understand, the minimum and maximum penalties, "we cannot, as urged by the government, review [the district court's] omission for harmless error." Martirosian, 967 F.2d at 1039.

The government suggests that the presence of such manifest evidence of Johnson's understanding of his sentence in the transcript of the plea colloquy serves to distinguish this case from Martirosian, where the only mention of the minimum sentence occurred during a prior hearing. The argument implicit in this proffered distinction--that harmless error review extends to all plea terms but should be confined to the plea transcript--would seem to find support in the notes accompanying the 1983 amendments to Rule 11. Here, the advisory committee asserted that the new harmless error provision would not threaten the integrity of "important Rule 11 safeguards," for "the kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited." Fed. R. Crim. P. 11 (h) advisory committee's note (1983 amend.). The committee attributed the small

4

number of errors that might be held harmless not to the limited application of 11 (h), but to the narrow scope of harmless error review: "[T]he matter 'must be resolved solely on the basis of the Rule 11 transcript' and other portions (e.g., sentencing hearing) of the limited record made in such cases." Id. (quoting United States v. Coronado, 554 F.2d 166, 170 n.5 (5th Cir.), cert. denied, 434 U.S. 870 (1977))).[1]

As persuasive as the government's reading of Rule 11 might be, it has not been adopted by this Circuit.  In United States v. Bachynsky, 934 F.2d 1349 (5th Cir.) (en banc), cert. denied, 112 S.Ct. 402 (1991), the government offered a similar argument, contending that "the adoption of 11 (h) . . . effectively eliminated automatic reversal, even for a total failure to satisfy core concerns of Rule 11."  Id. at 1358.  We noted that this interpretation was "not unpersuasive[]," but postponed resolution of this question until it was "squarely presented to this court." Id.  Until we revisit the issues left open in Bachynsky, the holdings of prior panels control this panel's decision.  Since the district court's omission of the mandatory minimum sentence may not be reviewed for harmless error, Martirosian, 967 F.2d at 1038, we must vacate Johnson's sentence and conviction and remand the case in order that he may replead.

---

[1] For example, the committee indicated that a finding of harmless error would be appropriate "where the judge's compliance with subdivision (c) (1) was not absolutely complete, in that some essential element of the crime was not mentioned, but the defendant's responses clearly indicate his awareness of that element."  Fed. R. Crim. P. 11 (h) advisory committee's note (1983 amend.) (citing Coronado, supra).

VACATED and REMANDED.