UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20670
and No. 95-20141
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY OGAGBA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
H-93-CR-307-3

_____

June 12, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Appellant Rodney Ogagba pleaded guilty to mail fraud and
money laundering and was sentenced in February 1995 to concurrent
37-month terms of imprisonment and supervised release and
restitution in the amount of $102,607.63.   As part of the
restitution order, the district court ordered that money seized

_____

        [*]    Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

upon Ogagba's arrest, including $5,120 in currency and $1,800 in money orders, would be paid one-half to his family and one-half to the restitution obligation. On appeal, Ogagba challenges the voluntariness of his guilty plea based on the Rule 11 colloquy, the district court's sentencing decision, and whether the court erred by ordering a portion of Ogagba's seized property be applied to his restitution obligation. Finding no error, we affirm.[1]

1. Ogagba first complains of the district court's failure explicitly to admonish him of the possibility that it could impose a restitution order. Under the circumstances, this error did not affect his substantial rights. United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). Under Johnson, this court may review any written plea agreement, the transcript of the sentencing hearing, and the sentence actually imposed. To determine whether the error effected substantial rights, this court focuses "on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." Id. at 302.

At the guilty plea hearing, the district court failed to mention restitution explicitly but informed Ogagba that he was subject to paying fines in excess of $1 million. The plea agreement, however, referred to any fine or restitution as being due and payable immediately. The plea agreement also provided that

---

[1] Because of the overlapping nature of Ogagba's two appeals, the court has consolidated them sua sponte.

Ogagba would not attempt to avoid paying a fine or restitution by filing a bankruptcy case. Ogagba declared in open court that he had read the agreement and discussed it with his attorney, and he executed an acknowledgment confirming his understanding of his rights and the terms of the plea agreement. He was thus sufficiently informed of the possibility of restitution.

Other alleged deficiencies in the court's Rule 11 colloquy with Ogagba are picayune, read in light of the record, and similarly did not affect Ogagba's substantial rights. His plea was not involuntary.

2. Ogagba has raised four sentencing issues on direct appeal: the district court failed to make factual findings at sentencing and relied on false and uncorroborated information to enhance his sentence; the court used a prior "uncounselled" conviction to enhance his base level one point; the court failed to resolve a dispute as to the amount of restitution and ordered excessive restitution; and the district court failed to consider several mitigating circumstances and otherwise erred in refusing to make a downward departure. Ogagba explicitly waived his right to appeal his sentence, as part of his plea agreement with the government. At the hearing on guilty plea, he confirmed for the

3

court his understanding of his waiver of the right to appeal his sentence. The waiver is enforceable.[2]

3. Ogagba challenges the seizure of his cash and money orders on various grounds. In case number 95-20141, to the extent Ogagba contends that the government violated the plea agreement by illegally seizing his cash and money orders and denying him access to the funds, his argument is unavailing. The plea agreement, which he signed before filing a motion for the return of the seized funds, does not address the funds.

To the extent Ogagba argues, in case number 95-20670, that the arrest warrant did not encompass seizure of the cash and money orders and that the seizure was otherwise illegal or unconstitutional, his arguments also fail. We are constrained by a narrow scope of appellate review, because Ogagba's notice of appeal was not filed until June 14, 1995, 89 days after the district court's denial of his Rule 41(e) motion for return of property, and it was therefore effective only to appeal the denial of Ogagba's Rule 60(b) motion for reconsideration. Appeal of a Rule 60(b) order is not to be used as the vehicle for an out-of-time appeal. Instead, the grant or denial of a Rule 60(b) motion is reviewed in this court for abuse of discretion. <u>Bertrand v.</u>

---

[2] For the first time in his reply brief in case number 20141, Ogagba challenges the effectiveness of the public defender who represented him at trial. This court will not review issues which are initially raised in a reply brief. <u>United States v. Prince</u>, 868 F.2d 1379, 1386 (5th Cir), <u>cert. denied</u>, 493 U.S. 932 (1989).

4

<u>Sullivan</u>, 976 F.2d 977, 979 (5th Cir. 1992). Ogagba's challenges to the district court's "Solomon-like" decision to apply half of the seized funds toward the restitution order reflects no such abuse. In <u>United States v. Mills</u>, 991 F.2d 609, 612 (9th Cir. 1993), the Ninth Circuit held that a valid restitution order gives the government a sufficient cognizable claim of ownership to defeat a Rule 41(e) motion for return of property, if that property is needed to satisfy the terms of the restitution order. Here, the restitution order was valid. Further, Ogagba has effectively waived review of the district court's order partially denying him relief under Rule 41(e) because he did not offer a copy of the warrant authorizing his arrest and seizure and cannot demonstrate that the seizure of the funds exceeded the scope of the search incident to arrest. In sum, even if Rule 60(b) authorized the relief Ogagba seeks, the court's decision to turn over part of the seized funds to satisfy Ogagba's restitution order hardly constituted an abuse of his broad discretion.

For these reasons, the judgment and sentence of the district court are <u>AFFIRMED</u>.