IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40268
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS SAUCEDA-SANCHEZ,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-95-279-01
- - - - - - - - - - -
December 6, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Carlos Sauceda-Sanchez appeals his conviction and sentence for illegal reentry following deportation in violation of U.S.C. §§ 1326(a) & (b)(2). Sauceda-Sanchez contends that the district court violated Fed. R. Crim. P. 11(c) in its determination whether Sauceda-Sanchez's guilty plea was knowing and voluntary because the court (1) did not inform him of the nature of the charge against him or establish a factual basis to support the guilty plea, (2) did not inform him of his right to not have his

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

silence used against him, (3) did not inform him of the effect of supervised release with respect to the charged offense and erroneously told him the the statutory maximum was five years instead of three years, (4) did not inform him that he could not withdraw his guilty plea if the court did not accept the plea, and (5) erroneously told him that he was waiving his right to appeal by pleading guilty. Sauceda-Sanchez contends that the alleged violations of Rule 11 affected his substantial rights and requires the reversal of his conviction.

We have reviewed the record and the briefs of the parties and conclude that any violation of Rule 11 committed by the district court was harmless. See United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993)(en banc). Sauceda-Sanchez was clearly advised of the nature of the charges against him and the district court established a factual basis for the guilty plea. The record does not affirmatively show that any variance from Rule 11(c) requirements committed by the district court affected Sauceda-Sanchez's decision to plead guilty. See id. at 301-303.

AFFIRMED.