IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41456
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN TORRES-MARCIAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-399-1
--------------------
August 6, 1999

Before KING, Chief Judge, HIGGINBOTHAM, and STEWART, Circuit
Judges.

PER CURIAM:[*]

Juan Torres-Marcial appeals his conviction, based on his
guilty plea, of transporting an alien who was in the United States
illegally. He argues that the district court did not explain to
him that an essential element of the offense was that he must have
acted willfully in furtherance of the aliens' violation of the law.
Therefore, Torres contends that he is entitled to reversal on
grounds that the district court did not comply adequately with Fed.
R. Crim. P. 11(c) prior to accepting his guilty plea.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"When an appellant claims that a district court failed to comply with Rule 11, we apply a two-question harmless error analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" United States v. Reyna, 130 F.3d 104, 107 (5th Cir. 1997), cert. denied, 118 S. Ct. 1328 (1998). Thus, even if there was a variance from Rule 11(c), Torres is not entitled to relief unless the variance "'may reasonably be viewed as having been a material factor affecting [his] decision to plead guilty.'" United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc) (quoting United States v. Bachynsky, 934 F.2d 1349, 1360 (5th Cir. 1991) (en banc)).

At the rearraignment, the prosecutor, not the court, read the indictment to Torres, which included the accusation that Torres transported aliens "in furtherance of such violation of law." In response to the court's questions, Torres twice testified that he understood the offense charge against him. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Torres testified that he was pleading guilty because the evidence as stated in the factual basis was true.

Even if the district court erred by omitting a specific discussion of the "in furtherance" element, we find Torres is not entitled to relief because the record shows that this variance did not affect his decision to plead guilty.

AFFIRMED.