IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41492
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID ESCAMILLA-DAVILA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-477-1
--------------------

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     David Escamilla-Davila ("Escamilla") challenges his guilty-plea conviction for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326.  Escamilla contends that the district court erred by failing to comply with Fed. R. Crim. P. 11(c)(1) during rearraignment and that his conviction must therefore be reversed.

     In reviewing whether the district court complied with the dictates of Rule 11, this court "conduct[s] a straightforward,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

two-question `harmless error' analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc); see Fed. R. Crim. P. 11(h). Although Escamilla acknowledges that Rule 11 violations are subject to harmless-error review, he makes no argument that his substantial rights were affected by the district court's alleged violation of Rule 11(c)(1). Accordingly, there is no reversible error, see Johnson, 1 F.3d at 298, and Escamilla's appeal is frivolous.

Furthermore, while Escamilla's argument that the district court failed to explain the charge to him is not frivolous, it is meritless. As the charge in this case was simple, a reading of the indictment, followed by an opportunity given to the defendant to ask questions about it, was sufficient. United States v. Dayton, 604 F.2d 931, 937 (5th Cir. 1979) (en banc).

Because Escamilla's appeal is without merit and is frivolous, it is DISMISSED. 5th Cir. R. 42.2. The Government's motion to consolidate this case is DENIED.

APPEAL DISMISSED; MOTION DENIED.