IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40195
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARTIN BAEZA-MARTINEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-517-1
--------------------

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    The Federal Public Defender ("FPD"), on behalf of Martin

Baeza-Martinez ("Baeza"), challenges Baeza's guilty-plea

conviction for illegal reentry of a deported alien, 8 U.S.C.

§ 1326. The FPD contends that the district court erred by

failing to comply with Fed. R. Crim. P. 11(c)(1) during

rearraignment and that the failure requires that his conviction

be reversed.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Government responds that the FPD has waived the argument by failing to raise it before the district court or in any similar case.  As the Government concedes, however, claims of Rule 11 violations may raised for the first time on appeal.  See United States v. Suarez, 155 F.3d 521, 524 (5th Cir. 1998)(Rule 11 challenge may be raised for the first time on appeal and is reviewed for harmless error); United States v. Reyna, 130 F.3d 104, 107 & n.2 (5th Cir. 1997)(although the defendant did not present his claim of noncompliance with Rule 11 in the district court, it is not waived), cert. denied, 118 S. Ct. 1328 (1998).

Nevertheless, this appeal is frivolous.  In reviewing whether the district court complied with the dictates of Rule 11, this court "conduct[s] a straightforward, two-question `harmless error' analysis:  (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?"  United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).  Although he acknowledges his argument is subject to harmless-error review, counsel makes no argument that Baeza's substantial rights were affected; accordingly, there is no reversible error.  See id.

The appeal is without arguable merit and is therefore frivolous.  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.  Accordingly, it is DISMISSED.  The Government's motion to consolidate is DENIED.

APPEAL DISMISSED; MOTION DENIED.