**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-20823
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO GUTIERREZ-CARRILLO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-128-All

September 17, 1999

Before KING, Chief Judge, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Pablo Gutierrez-Carrillo ("Gutierrez-Carrillo"), an alien previously deported and removed from the United States, appeals his conviction and sentence for being found present in the United States, without having obtained the consent of the Attorney General to reapply for admission in violation of 8 U.S.C. § 1326(a) and (b)(2). For the reasons ascribed, we reverse his conviction; vacate his sentence; and remand for further proceedings.

FACTURAL AND PROCEDURAL BACKGROUND

Mr. Gutierrez-Carrillo is a citizen of Mexico who had been deported and removed from the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

United States in 1989 after a conviction for an aggravated felony, residential burglary. On February 8, 1998, Immigration and Naturalization Service ("INS") officers found him in Harris County, Texas. He admitted that he was a native and citizen of Mexico and that he had been previously deported.

On April 6, 1998, the grand jury charged Gutierrez-Carrillo with illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a) and 1326 (b)(2). After a plea colloquy, Gutierrez-Carrillo pleaded guilty to the offense as charged. He did not enter into a plea agreement with the government. Prior to the August 24, 1998, sentencing hearing, the probation office prepared a presentence report which found a total offense level of 21 and a criminal history category of VI. The applicable guideline range called for 77 to 96 months' imprisonment; however, the district court departed three levels upward given Gutierrez-Carrillo's extensive criminal record. The offense level was raised to 24 which resulted in a guideline range of 100 to 125 months' imprisonment.

Gutierrez-Carrillo objected to the upward departure since most of his prior convictions were for misdemeanors. He argued that the court should focus on the nature of his prior offenses rather than their number. At sentencing, the district court rejected this argument, emphasizing Gutierrez-Carrillo's "two decades of continuous illegal activity" and "steady inability to follow the law." The court departed upward by "three levels" so as to take "into account that [Gutierrez-Carrillo had] twice the number of criminal histories scored [sic] that could put [him] in a position to reach the maximum criminal history category." Ultimately, the court sentenced Gutierrez-Carrillo to 120 months' imprisonment.

Gutierrez-Carrillo timely appealed his conviction and sentence.

DISCUSSION

On appeal, Appellant raises two issues: (1) whether the district court's failure to advise him at his guilty plea about the sentencing guidelines and the possibility of a departure from the guidelines is reversible error; and (2) whether his sentence must be vacated because the district court abused its discretion when it departed upward and sentenced him to 120 months' imprisonment. Our resolution of the first obviates the need to discuss the second.

Gutierrez-Carrillo contends that his guilty plea was involuntarily entered because the district court failed to advise him, as required by FED. R. CRIM. P. 11, that his sentence would be determined by the Sentencing Guidelines ("Guidelines") and that an upward departure from the applicable guideline range was possible. Gutierrez-Carrillo asserts that the district court's error was not harmless because the court did, in fact, depart upwards from the applicable guideline range.

We review violations of Rule 11 for harmless error. See United States v. Johnson, 1 F.3d 296, 301-03 (5th Cir. 1993) (en banc). This is so even when the defendant fails to raise a Rule 11 challenge in the district court. See United States v. Reyna, 130 F.3d 104, 107 & n.2 (5th Cir. 1997) (concluding that Rule 11 challenges not raised in the district court are not waived and are reviewed under harmless-error analysis); United States v. Henry, 113 F.3d 37, 40 (5th Cir. 1997) (concluding that all failures to comply with Rule 11 are to be tested under the substantial-rights standard of Rule 11(h)).

A defendant waives several constitutional rights when he pleads guilty to a criminal offense; therefore, the record of the guilty-plea hearing must affirmatively reflect that the plea is both knowing and voluntary. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). Rule 11 requires that the district court, before accepting a guilty plea, address the defendant personally in open court and assess the voluntariness of the plea and whether the defendant understands the nature of the charges and the consequences of his plea. See Johnson, 1 F.3d at 300; see also FED. R. CRIM. P. 11(c), (d). Specifically, Rule 11(c)(1) requires the court to address whether the defendant understands "the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances[.]"

In examining whether the district court fulfilled the requirements of Rule 11, this court utilizes a two-pronged, harmless error analysis. First we seek to determine whether the sentencing court varied from the procedures required by Rule 11 in any way. See Johnson, 1 F.3d at 298. If the sentencing court has deviated from the dictates of Rule 11, we then determine whether the variance affected the substantial rights of the defendant. See id. A variance from Rule 11 affects the

defendant's substantial rights if it may reasonably be viewed as having been a material factor affecting the defendant's decision to plead guilty. See id. at 302. If the deviation has not affected the defendant's substantial rights, the error is harmless and will be disregarded by the court. FED. R. CRIM. P. 11(h).

It is undisputed that the district court did not explicitly comply with Rule 11(c)(1) in this case because the court did not inform Gutierrez either that it would be applying the Guidelines or that it was permitted to depart from the applicable guideline range. Although the government highlights the district court's exchange with Gutierrez-Carrillo's counsel regarding an estimate guideline range,[1] the discussion occurred after Gutierrez-Carrillo had entered his plea; therefore, it has no mitigating effect. In like manner, we are not convinced that Gutierrez-Carrillo's comments that 20 years, the maximum possible prison term, was "a long time" absolves the district court's need to comply with Rule 11.[2]

---

[1]After Gutierrez-Carrillo entered his plea, the following exchange is reflected in the record:

THE COURT: Do we have an estimate of [Gutierrez-Carrillo's] guideline range?

MS. LING [Defense counsel]: Do I? I've gone over it with him, yes, Your Honor. I think it might be in the range of 77 months.

In U. S. v. Johnson, 1 F.3d 296, 302-03 (5th Cir. 1993) (en banc), we recognized the possibility that other person's or proceedings may substitute for the judge as the source of Rule 11 information. Prior to accepting such sources, we seek to determine whether such alternate sources are "clothed with indcia of dignity, solemnity, and reliability sufficient to the purposes of the rule." Id. at 303. While defense counsel correctly estimated the guideline range, the record does not indicate that Gutierrez-Carrillo understood the applicability of the Sentencing Guidelines ("Guidelines") or the possibility that the court could depart from the estimated range defense counsel suggested. As we explained in Johnson, "[i]f information known to or about the defendant, and his knowledge and understanding, is not revealed by the record on appeal, such information will not be factored in to our harmless error calculus." Id. at 302. We conclude that defense counsel's estimate was not reliably sufficient for purposes of Rule 11.

[2] When Gutierrez-Carrillo was questioned about the elements of the offense and told that the maximum possible prison term was 20 years, he stated, "Yes, I agree with everything but it is a long time. I agree with everything, but it is a long time." If anything, these comments reveal Gutierrez-Carrillo's concern for the amount of time he would spend incarcerated for the instant offense and signaled the need for the district court to explain the application of the Guidelines.

4

Based on this record, we find that the district court erred in failing to articulate the applicability of the Guidelines and the possibility that the court could depart from the applicable guideline range. Given the district court's oversight; Gutierrez-Carrillo's characterization of the maximum penalty as "a long time;" and defense counsel's estimate that he fell in a range of 77 months' imprisonment, we are not satisfied that Gutierrez-Carrillo entered his plea knowingly. Since the district court departed from the applicable Guideline range, we cannot find the error harmless. We reverse his conviction.

## CONCLUSION

Naturally, the reversal of Gutierrez-Carrillo's conviction vacates the corresponding sentence; therefore, we do not reach the second issue. We express no opinion on Gutierrez-Carrillo's culpability for the underlying offense or the propriety of the district court's departure. We remand to the district court for further proceedings.

The conviction is REVERSED; the corresponding sentence VACATED; and the case REMANDED.

5