IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50007
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAVIER DELGADO-GONZALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-97-CR-29-1
--------------------
March 15, 2000

Before JOLLY, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:*

Javier Delgado-Gonzales argues that the magistrate judge failed to comply with the requirements of Fed. R. Crim. P. 11 during his rearraignment proceedings because the magistrate judge did not ascertain that he understood the nature of the charges against him or that Delgado was not coerced into pleading guilty. Delgado argues that it was evident from the record that he did not have a good understanding of the English language. He further argues that the magistrate judge did not ascertain whether he was

_____

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntarily waiving his right to present a defense at trial.[**]

A review of the record of the rearraignment hearing reflects that Delgado had a sufficient command of the English language to understand the nature of the proceedings and the charges to which he was pleading guilty. The record also reflects that the magistrate judge ascertained that Delgado was competent to enter a plea and that Delgado was knowingly and voluntarily pleading guilty to the conduct charges. Delgado failed to demonstrate that the magistrate judge varied from the procedures required by Rule 11 or that his substantial rights were prejudiced during the rearraignment proceedings. See United States v. Johnson, 1 F.3d 296, 298-301 (5th Cir. 1993) (en banc).

Delgado also argues that the district court erred in denying his motion to withdraw his plea. The record reflects that Delgado was provided competent legal representation and that he knowingly and voluntarily entered his guilty plea. Delgado has not carried his burden of showing that there was a just and fair reason to allow him to withdraw his guilty plea. See Fed. R. Crim. P. 32(e); United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The district court did not abuse its discretion in denying the motion to withdraw the guilty plea. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997).

AFFIRMED.

---

[**] Delgado's purported defense of false arrest is not a defense at all. An illegal arrest, without more, does not implicate the validity of a subsequent conviction. United States v. Crews, 445 U.S. 463, 474 (1980); United States v. Zabaneh, 837 F.2d 1249, 1261 (5th Cir. 1988).