IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50507
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUELA HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CR-71-2-JN
--------------------
August 23, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Manuela Hernandez argues that the district court failed to comply with several of the requirements of Fed. R. Crim. P. 11 at the time that she entered her guilty plea, which rendered her plea involuntary and the underlying plea agreement void.

Hernandez argues that the district court failed to advise her of the mandatory minimum penalty that could be imposed if her offense was found to involve less than 500 grams of cocaine. This argument is frivolous because there is no mandatory minimum penalty if a drug offense involves less than 500 grams of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine. See 21 U.S.C. § 841(b)(1)(C).

Hernandez further argues that the district court failed to comply with Rule 11 because it erroneously advised her that a three-year term of supervised release, rather than a four-year term, could be imposed if the offense involved more than 500 grams but less than five kilograms of cocaine. Hernandez was sentenced based on the offense involving more than five kilograms of cocaine and was correctly advised that she could receive a five-year term of supervised release if that amount of drugs were attributed to her. A five-year term of supervised release was imposed at sentencing. Hernandez's substantial rights were not affected by misinformation which had no relevancy at the time of her sentencing. See United States v. Johnson, 1 F.3d 296, 301-03 (5th Cir. 1993) (en banc).

Hernandez argues that the district court further violated Rule 11 by failing to explain to her the potential effect of relevant conduct at sentencing. The district court was not required, prior to accepting the guilty plea, to predict Hernandez's possible sentence under the guidelines or to advise her of the effects of relevant conduct on her sentence. See United States v. Hoster, 988 F.2d 1374, 1379 (5th Cir. 1993). The failure to discuss relevant conduct was not a violation of Rule 11.

Hernandez argues that her trial counsel was ineffective during plea negotiations, at her rearraignment, and at sentencing. Hernandez's claims of ineffective assistance of counsel were not presented to the district court and cannot be

addressed on direct appeal because the record has not been adequately developed to consider the claims.  See <u>United States v. Haese</u>, 162 F.3d 359, 363-64 (5th Cir 1998), <u>cert. denied</u>, 526 U.S. 1138 (1999).

AFFIRMED.