IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50098
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

THEODORE DONALD YOUNG,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-96-2
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:*

    Theodore Donald Young appeals his guilty-plea conviction and
sentence for being an accessory after the fact to interstate or
foreign travel in relation to a murder and for carrying and using
a firearm during the commission of a crime of violence.  Young
asserts that:  (1) his guilty plea was involuntary because the
district court violated Fed. R. Crim. P. 11(c)(1) by failing to
inform him that restitution might be ordered and (2) the district
court erred in awarding restitution for certain costs.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In reviewing whether the district court complied with the dictates of Rule 11, this court "conduct[s] a straightforward, two-question 'harmless error' analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc); see Fed. R. Crim. P. 11(h). The district court varied from Rule 11 procedures by failing to advise Young of the possibility of restitution. However, as Young has not alleged that the district court's failure to advise him of the possibility of a restitution order was actually a material factor in his decision to plead guilty, the error did not affect Young's substantial rights. See Johnson, 1 F.3d at 302.

Young's assertion that the district court erred in awarding restitution for certain losses is not properly before this court. As part of his written plea agreement with the Government, Young waived "his right to appeal his sentence on any ground," except with respect to upward departures pursuant to U.S.S.G. § 5K2.0, p.s. Young has not challenged that waiver on appeal. The judgment of the district court is AFFIRMED.