IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-20634
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIBODIO GONZALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No.H-90-CR-278-1
--------------------
May 8, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Elibodio Gonzales appeals his guilty plea conviction for conspiracy to export stolen motor vehicles, in violation of 18 U.S.C. §§ 371 and 2312, and attempting to export a stolen motor vehicle, in violation of 18 U.S.C. § 553.  Gonzales argues that there was no sufficient factual basis to support his guilty plea on either count and that the district court's failure to advise him fully of the effect of any supervised release is reversible error.

———————————

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Gonzales did not object in the district court to the sufficiency of the factual basis for his guilty plea, this court reviews for plain error. See United States v. Marek, 238 F.3d 310, 314 (5th Cir. 2001)(en banc). The facts presented by the Government at the plea hearing support the district court's conclusion that the elements of each of the counts had been demonstrated. See 18 U.S.C. §§ 371, 553, 2312; United States v. Graves, 669 F.2d 964, 969 (5th Cir. 1982). Because the record demonstrates that a sufficient factual basis exists, Gonzales has failed to show any plain error. Id.; Fed. R. Crim. P. 11(f).

With regard to Gonzales' argument that the district court failed to advise him fully of the effect of any supervised release, the record demonstrates that the district court did fail so to inform Gonzales. However, this error is harmless, because the district court's failure in this regard did not affect any substantial rights of Gonzales. See United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993)(en banc); Fed. R. Crim. P. 11(h). Because the maximum sentence explained by the district court before Gonzales entered his guilty plea was more than the sentence actually given to him, an explanation of the supervised release term would not have been likely to affect Gonzales' willingness to plead guilty. See Johnson, 1 F.3d at 302; United States v. Hekimain, 975 F.2d 1098, 1101-03 (5th Cir. 1992). The judgment of the district court is affirmed.

AFFIRMED.