**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 00-20840

(Summary Calendar)

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFONSO CASTANO,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas
Dist. Ct. No. H-93-CR-211-5

July 11, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Alfonso Castano ("Castano") appeals the district court's reentry of judgment, which followed

our order vacating the district court's denial of Castano's 28 U.S.C. § 2255 motion, vacating the

judgment of conviction, and remanding for the reentry of judgment and the opportunity to appeal the

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

new judgment. *See United States v. Castano*, 217 F.3d 889 (5th Cir. 2000). A review of the record indicates that Castano knowingly and voluntarily entered into his guilty plea and that the district court complied with Fed. R. Crim. P. 11's requirements. *See United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993). Additionally, the record demonstrates that Castano's waiver of appeal was knowing and voluntary, and, therefore, enforceable. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

Castano contends that the district court abused its discretion when it failed to hold an evidentiary hearing on Castano's § 2255 claim he received ineffective assistance of counsel due to his attorney's failure to advise that "his presence in the 'stash house' did not necessarily make him a party to the possession of the drugs found at the house." This contention is without merit. Castano has previously been denied a COA on this ineffective assistance of counsel claim. Moreover, the appeal before us is an out of time direct appeal; his § 2255 motion is not before us.

Accordingly, we AFFIRM Castano's conviction and sentence.