IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40028
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ADELAIDO ALCOCER-MARTINEZ,

                                        Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-303-1
--------------------
August 15, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Adelaido Alcocer-Martinez appeals his guilty-plea conviction and sentence for transporting an illegal alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  Alcocer argues that his guilty plea is invalid because the district court "did not go far enough" in determining whether his plea was voluntary and understood.  He further asserts that the district court should have withdrawn his plea at sentencing after he allegedly professed his innocence.

     Because a guilty plea involves the waiver of several constitutional rights, it must be made intelligently and

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntarily. <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44 (1969). "In the federal regime . . . Rule 11 of the Federal Rules of Criminal Procedure . . . governs the duty of the trial judge before accepting a guilty plea." <u>Id.</u> at 243 n.5. This court reviews the district court's compliance with Rule 11 to determine (1) whether the district court varied from Rule 11's procedures and, if so, (2) whether the variance affected the defendant's substantial rights. <u>United States v. Johnson</u>, 1 F.3d 296, 298 (5th Cir. 1993)(en banc); <u>see</u> Fed. R. Crim. P. 11(h).[**]

At rearraignment, Alcocer stated that he understood the charge to which he was pleading guilty. <u>See</u> Fed. R. Crim. P. 11(c)(1). He further stated that he understood the elements of an offense under 8 U.S.C. § 1324(a)(1)(A)(ii), including the knowledge element. <u>Id.</u> Alcocer testified that no one forced him to plead guilty and that any promises, apart from the plea agreement, had been made to cause him to plead guilty. His decision to plead guilty was "entirely voluntary." <u>See</u> Fed. R. Crim. P. 11(d).

In arguing that his plea was not made knowingly or voluntarily, Alcocer focuses on the statements he and his counsel made at rearraignment regarding whether Alcocer knew the aliens he transported were illegal. At most, the discussion regarding

---

[**] Although we have reviewed Rule 11 challenges for plain error only in cases in which the defendant made no objection in the district court, <u>see United States v. Marek</u>, 238 F.3d 310, 315 (5th Cir. 2001) (en banc), <u>petition for cert. filed</u>, (U.S. Mar. 29, and Apr. 4, 2001) (Nos. 00-1526, 00-9419); <u>United States v. Glinsey</u>, 209 F.3d 386, 394 and n.8 (5th Cir.), <u>cert. denied</u>, 121 S. Ct. 282 (2000); <u>United States v. Ulloa</u>, 94 F.3d 949, 955 (5th Cir. 1996), as was the case herein, we apply the de novo standard of our en banc decision in <u>Johnson</u>.

the knowledge element of the offense reflected that Alcocer questioned whether the Government would be able to meet its burden of proof on this issue if the case proceeded to trial. Contrary to Alcocer's assertions, the district court followed the dictates of Rule 11 in determining that Alcocer understood the nature of the charge and in insuring that his plea was voluntary. See Johnson, 1 F.3d at 298; Fed. R. Crim. P. 11(c)(1), (d).***

Alcocer asserts that the district court should have withdrawn his guilty plea after he allegedly professed his innocence prior to sentencing. He admits that he did not move to withdraw his plea, and he cites no authority to support his argument that a district court has the authority to withdraw a guilty plea, sua sponte, in these circumstances. The cases cited by Alcocer in support of his argument involved proper motions to withdraw made by defendants prior to sentencing pursuant to Rule 32(e) or guilty pleas that were set aside in a 28 U.S.C. § 2255 proceeding or direct appeal due to Rule 11 violations. See Fed. R. Crim. P. 32(e). Alcocer has also failed to demonstrate that the district court varied from the dictates of Rule 11 in determining whether he entered his guilty plea knowingly and voluntarily.

The district court's judgment, therefore, is

AFFIRMED.

---

*** To the extent that Alcocer's argument can be construed as a challenge to the factual basis of his guilty plea, his argument is without merit. See Fed. R. Crim. P. 11(f). At rearraignment, Alcocer admitted to a detailed recitation of the facts supporting his plea.