**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 01-40128**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**HECTOR DE OCHOA,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(B-00-CR-297-1)**

August 31, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Hector De Ochoa appeals his sentence for his guilty-plea conviction for conspiracy to possess with intent to distribute over 100 kilograms of marijuana. He challenges: 1) his offense level being increased by two, based upon his aggravated role in the offense; 2) a fine being imposed by the district court without making a finding whether he had the ability to pay; 3) being erroneously informed he faced a maximum four-year term of supervised release at his guilty-plea hearing, but then being

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to five years of supervised release; and 4) the indictment failing to allege a specific drug quantity.

Ochoa supervised at least two other participants in the marijuana conspiracy; therefore, the district court did not clearly err when it assessed a two-level increase under U.S.S.G. § 3B1.1(c) for his role in the offense. *See United States v. Parker*, 133 F.3d 322, 329-30 (5th Cir. 1998); *see also* U.S.S.G. § 3B1.1, comment. (nn.2 & 4) ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants.... There can, of course, be more than one person who qualifies as a leader or organizer....").

Ochoa challenges his fine for the first time on appeal; therefore, we review this issue only for plain error. *See United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). A sentencing court should impose a fine in all cases, unless the defendant established an inability to pay. *See* U.S.S.G. § 5E1.2(a); *United States v. Martinez*, 151 F.3d 384, 395-96 (5th Cir. 1998), *cert. denied*, 525 U.S. 1031 (1998). Ochoa did not establish such inability; furthermore, the record supports the district court's determination of Ochoa's assets. In short, there is no plain error.

The district court's plea admonishment that Ochoa faced a maximum four-year supervised release term was harmless error because he was advised that the maximum period of possible incarceration was 40 years. *See United States v. Bachynsky*, 934

2

F.2d 1349, 1359-60 (5th Cir. 1991) (en banc) (no reversible error when "the aggregate maximum period of incarceration under the actual sentence of imprisonment and supervised release cannot exceed the statutory maximum explained to the defendant"), *cert. denied*, 502 U.S. 951 (1991), *modified on other grounds*, **United States v. Johnson**, 1 F.3d 296, 300-01 (5th Cir. 1993) (en banc).

Finally, the indictment alleged the offense involved more than 100 kilograms of marijuana. The imposition of the 70 months' imprisonment and five-year term of supervised release was within the statutory and Sentencing Guidelines range and, therefore, did not present an issue under **Apprendi v. New Jersey**, 530 U.S. 466 (2000). *See* 21 U.S.C. § 841(b)(1)(B) (sentence between 5 and 40 years); U.S.S.G. § 5D1.2(a)(1) & (b) (supervised release); **United States v. Doggett**, 230 F.3d 160, 165 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1152 (2001).

*AFFIRMED*