IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50206
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAN SANCHEZ-RONQUILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1696-1-DB
--------------------
September 19, 2001

Before JOLLY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Adan Sanchez-Ronquillo ("Sanchez") pleaded guilty to with
illegal reentry into the United States following deportation, in
violation of 8 U.S.C. § 1326(a)(1).  For the first time on
appeal, Sanchez argues that his conviction must be vacated and
that he be allowed to replead because the district court violated
Federal Rule of Criminal Procedure 11(c) during the guilty-plea
proceedings.

When an appellant asserts that a district court failed to
comply with Rule 11, this court reviews for harmless error.  See
United States v. Johnson, 1 F.3d 296, 298, 301-02 (5th Cir. 1993)

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(en banc) (all errors made in Rule 11 proceedings are subject to harmless-error review).** The court asks whether the district court in fact varied from the procedures required by Rule 11, and if so, whether the variance affected substantial rights of the defendant. Id.

Sanchez argues that under the reasoning of Apprendi v. New Jersey, 530 U.S. 466 (2000), the indictment charged him with two offenses, simple reentry after deportation and reentry after deportation and a felony conviction. He argues that the district court did not clearly inform him of the nature of the charge to which he was pleading guilty or insure that he understood the nature of the charge, in violation of Rule 11(c)(1). Sanchez concedes that basis of his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he states that he wishes to preserve the issue for Supreme Court review in light of Apprendi. The district court informed Sanchez of, and ensured that Sanchez understood the nature of, the offense of illegal reentry after deportation charged against him. The district court did not vary from Rule 11(c)(1).

The district court did fail to inform Sanchez specifically of his right to assistance of counsel if he proceeded to a jury trial, in violation of Rule 11(c)(3). Sanchez contends that this

---

** In a recent en banc case, this court implied that appellate review is for plain error only when a defendant has failed to raise a Rule 11 challenge in the trial court. United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). Other cases have disagreed on whether to apply the plain error or harmless error standards. Compare Johnson, 1 F.3d at 298 (harmless error), with United States v. Ulloa, 94 F.3d 949, 955 (5th Cir. 1996). Even if we apply the less demanding standard, any error by the district court was harmless.

error is not harmless and materially affected the validity of his plea.

Our review of the record convinces us that the district court's omission was not material to Sanchez's decision to plead guilty.  See Johnson, 1 F.3d at 298, 302.  Thus, the court's variance from Rule 11(c)(3) was harmless error.

AFFIRMED.