IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50599
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ALBERTO CASAREZ,
also known as Jose Juan Lopez-Alba,
also known as Sergio Cordoba Flores,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-258-ALL-H
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sergio Alberto Casarez ("Casarez") appeals his conviction
and 57-month sentence following his plea of guilty to illegal
reentry into the United States after deportation, a violation of
8 U.S.C. § 1326. Casarez contends that the district court
violated Federal Rule of Criminal Procedure 11(c) during the
guilty-plea proceeding by failing to advise him that he had the
right to counsel if he proceeded to trial. Casarez also argues
that the felony conviction that resulted in his increased

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that was incorrectly charged in his indictment.

When an appellant asserts that a district court failed to comply with Rule 11, this court reviews for harmless error. See United States v. Johnson, 1 F.3d 296, 298, 301-02 (5th Cir. 1993). The district court did not advise Casarez that he had the right to counsel if he proceeded to trial, and Casarez contends that this omission affected his decision to plead guilty. After reviewing the record we hold that the district court's omission was not material to Casarez' decision to plead guilty. See Johnson, 1 F.3d at 298, 302. Therefore, the district court's variance from Rule 11(c)(3) was harmless error.

Casarez acknowledges that his argument regarding the indictment in his case is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), because the Supreme Court indicated in Apprendi that Almendarez- Torres may have been wrongly decided. Because the Supreme Court has not overruled Almendarez-Torres, this court is compelled to follow it. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Casarez' argument is foreclosed. See Almendarez-Torres, 523 U.S. at 235.

Casarez' conviction and sentence are AFFIRMED.