United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20473
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

RODNEY DAVIS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-867-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Rodney Davis, also known as Arthur Carl Davis, pleaded guilty without a written plea agreement to possession with intent to distribute five grams or more of a mixture or substance containing cocaine base, and he was sentenced to 90 months' imprisonment, five years' supervised release, and a $100 special assessment. At rearraignment, before the district court accepted his guilty plea, Davis asserted that he did not actually have

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of the drugs, although he admitted that he arranged the meeting at which the drugs were sold and that he was present at the meeting. The district court then asked him whether he "knew what it was they were doing," and Davis responded affirmatively.

Davis argues on appeal that his denial at rearraignment of having possessed the drugs indicates that his guilty plea was not made knowingly and voluntarily. However, aiding and abetting "is an alternative charge in every count, whether explicit or implicit, and the rule is well-established, both in this circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense." United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971). Davis admitted facts sufficient to support a conviction as an aider an abettor. See 18 U.S.C. § 2(a); United States v. Sorrells, 145 F.3d 744, 753 (5th Cir. 1998). Although the trial court did not inform Davis of the elements of aiding and abetting, his substantial rights were not violated because it is unlikely that his knowledge of the elements of aiding and abetting would have affected his willingness to plead guilty. See United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc). Therefore, the district court did not commit plain error and its decision is AFFIRMED.