United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

04-50835
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR IVAN ARMENDARIZ

Defendant-Appellant.

_____

**Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:00-CR-141-13**

_____

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Ivan Armendariz appeals his guilty plea conviction and sentence for conspiracy with intent to distribute more than 100 kilograms of marijuana. Armendariz asserts his guilty plea was not given knowingly and voluntarily because the magistrate judge did not comply with Federal Rule of Criminal Procedure 11. Because Armendariz did not object on this basis in district court, our review is only for plain error. _See **United States v. Vonn**_, 535 U.S. 55, 59 (2002). To demonstrate plain-error, Armendariz must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

show a reasonable probability that, but for the error, he would not have entered the plea. *See **United States v. Johnson***, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). Armendariz has not made such a showing.

Alternatively, Armendariz contends the appeal-waiver provision in his plea agreement is invalid due to Rule 11 error. The magistrate judge determined Armendariz read and understood his plea agreement, and Armendariz raised no question regarding the waiver-of-appeal provision before the district court. Accordingly, he is bound by it. ***United States v. McKinney***, 406 F.3d 744, 746 (5th Cir. 2005).

Armendariz also claims, under ***United States v. Booker***, 125 S. Ct. 738 (2005), that the district court erred when it sentenced him based on facts not admitted by him or found beyond a reasonable doubt by a jury. Because Armendariz's appeal waiver was valid, and his ***Booker*** claim does not meet any exception to his waiver, Armendariz's appeal of his sentence is ***DISMISSED***.

***AFFIRMED IN PART AND DISMISSED IN PART***