United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50832
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALEXANDER FRANK HENEFIELD,

                              Defendant-Appellant.

* * * * * * *
Consolidated with
No. 04-50844
* * * * * * *

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALEXANDER HENEFIELD,

                              Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-55-6-XR
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alexander Frank Henefield pleaded guilty to conspiracy to manufacture and distribute methamphetamine and to possession with intent to distribute marijuana. In anticipation that the Supreme Court might hold that the United States Sentencing Guidelines were invalid under Blakely v. Washington,124 S. Ct. 2531 (2004), the district court imposed alternative sentences: one sentence under the Sentencing Guidelines and a second, discretionary sentence to take effect if the Sentencing Guidelines were invalidated. The government concedes that under the Supreme Court's decision in United States v. Booker,125 S.Ct. 738 (2005), Henefield's sentence "was not harmless error" because the district court would have imposed a lesser sentence under an advisory Sentencing Guideline scheme. Accordingly, we vacate Henefield's sentence and remand the case for resentencing. See United States v. Mares, 402 F.3d 511 (5th Cir.), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The record provides no support for Henefield's argument that his guilty plea was not knowing and voluntary. See United States v. Johnson, 1 F.3d 296, 302-03 (5th Cir. 1993) (en banc). Henefield's argument that the district court erred by refusing to allow him to withdraw his plea is frivolous as Henefield did not make such a request in the district court.

AFFIRMED; SENTENCE VACATED AND REMANDED.