# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2022

Lyle W. Cayce
Clerk

No. 22-40058
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Santos Orellana-Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CR-41-1

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Santos Orellana-Hernandez pled guilty to two counts of use of interstate commerce facilities in the commission of murder-for-hire, one count of tampering with a witness by intimidation and threats and aiding and abetting, and one count of conspiracy to commit witness tampering. He was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentenced to 100 months of imprisonment and a three-year term of supervised release on each count, to run concurrently. On appeal, Orellana-Hernandez challenges the district court's compliance with Federal Rule of Criminal Procedure 11(b)(1)(O), which requires the court to advise the defendant of the immigration consequences of a guilty plea resulting in a conviction.

This court reviews allegations of Rule 11 error raised for the first time on appeal for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To establish plain error, Orellana-Hernandez must demonstrate: (1) an error (2) that is clear or obvious and (3) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has the discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). In conducting its review, this court may consult the entire record. *Id.*; *Vonn*, 535 U.S. at 59.

The district court violated Rule 11 by failing to inform Orellana-Hernandez during the guilty plea colloquy that he could be denied citizenship or future admission into the United States. However, nothing in the record suggests that Orellana-Hernandez would not have pled guilty if the court had provided the specific admonishment in Rule 11(b)(1)(O). *See Dominguez Benitez*, 542 U.S. at 83. To the contrary, the presentence report included several warnings of Orellana-Hernandez's probable deportation, and Orellana-Hernandez does not explain his failure to move to withdraw his plea at sentencing after learning of the presentence report's statement that he would likely be deported. *See United States v. Alvarado-Casas*, 715 F.3d 945,

954–55 (5th Cir. 2013). Accordingly, Orellana-Hernandez fails to prove that he would have pled differently absent the district court's omission. *See Dominguez Benitez*, 542 U.S. at 83; *United States v. Johnson*, 1 F.3d 296, 303–04 (5th Cir. 1993) ("[T]he district court's variance from the procedures set forth in Rule 11 . . . could not reasonably be deemed to have affected [the defendant's] substantial interests when viewed in light of all that [he] knew and understood[.]"). Orellana-Hernandez thus fails to carry his burden of showing that the district court's error affected his substantial rights. *See Puckett*, 556 U.S. at 135.

AFFIRMED.