**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-40280

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JECCSAN ORTIZ-SALAZAR,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
V-00-CR-91-ALL

_____

September 17, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

H. Michael Sokolow ("Sokolow"), a court-appointed Federal Public Defender for the

defendant-appellant Jeccsan Ortiz-Salazar ("Ortiz-Salazar"), has filed a motion to withdraw as

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967). We grant the motion, holding that there are no non-frivolous grounds for appealing Ortiz-Salazar's conviction for illegal re-entry by a deported alien convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and § 1326(b)(2). Consequently, we also dismiss Ortiz-Salazar's appeal.

Ortiz-Salazar, a lawful resident alien, was convicted on a cocaine charge and deported from the United States. Sometime later, he illegally re-entered the United States. On October 13, 2000, agents from the Immigration and Naturalization Service found Ortiz-Salazar in a jail in Victoria, Texas. He was subsequently indicted for illegally re-entering the United States following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and § 1326(b)(2).

The court appointed Sokolow, a Federal Public Defender, to represent Ortiz-Salazar, who eventually pleaded guilty to the charge in the indictment. Relying on the Presentence Report ("PSR"), the district court sentenced him to 41 months imprisonment, three years of supervised release, and a special assessment fee of $100. Ortiz-Salazar filed an appeal, objecting to both his guilty plea and the sentence.

Sokolow has filed a motion to withdraw, contending that there are no non-frivolous issues for appeal. The Supreme Court in *Anders* held that a court-appointed attorney can withdraw from a direct criminal appeal if the attorney, after a "conscientious examination" of the case, finds no meritorious grounds for appeal. *Anders*, 386 U.S. at 744. After examining Sokolow's *Anders* brief, the pro se brief submitted by Ortiz-Salazar and the trial record, we find four potential issues on appeal. All of them lack merit.

The first issue is whether the district court substantially complied with the plea requirements of the Federal Rules of Criminal Procedure. Rule 11(c) stipulates what information and advice the

district court should give to a defendant who pleads guilty. *See* FED. R. CRIM. P. 11(c). At the plea hearing, the court asked Ortiz-Salazar if he understood, among other things, that he was not obliged to plead guilty; that he would be waiving his right to a trial; and that he could face up to twenty years in prison. Ortiz-Salazar, aided by an interpreter, said that he understood and pleaded guilty.

The district court, however, failed to inform Ortiz-Salazar that he was under oath at the plea hearing, and that he could be prosecuted for perjury if he gave false statements. *See* FED. R. CRIM. P. 11(c)(5) (requiring this perjury admonishment). We apply a harmless-error analysis when a district court fails to comply strictly with Rule 11(c). *See United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc) (asking if the district court varied from the Rule 11 procedures and if that variance affected substantial rights of the defendant). We find that the district court's failure to give the perjury admonishment was harmless error, because Ortiz-Salazar does not contend that he perjured himself, nor does he claim he was prejudiced by the court's error. *See United States v. Law*, 633 F.3d 1156, 1157 (5th Cir. 1981) (holding that the failure to give the perjury admonishment was harmless error).

Second, Ortiz-Salazar makes an *Apprendi* argument, claiming that his indictment supposedly failed to mention that he had earlier been convicted of an aggravated felony. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). Contrary to Ortiz-Salazar's assertion, the indictment states that he had been deported after having "been convicted of an aggravated felony." Even if the indictment had not mentioned the prior aggravated felony, his argument would fail because the Supreme Court has held that 8 U.S.C. § 1326(b)(2) is a penalty provision, and not an element of the crime. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Supreme Court in *Apprendi* expressly declined to overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *see also United States v. Dabeit*,

231 F.3d 979, 984 (5th Cir. 2000) (recognizing that *Almendarez-Torres* remains good law).

Third, Ortiz-Salazar claims that the district court erred in calculating his sentence. After reviewing the record, we find no error. The district court found that the base offense level for illegal re-entry is eight. *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 (2000). It then added 16 levels under § 2L1.2(b)(1)(A) because Ortiz-Salazar had been deported after an aggravated felony. That level was reduced by three for timely acceptance of responsibility. *See* U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a),(b). Thus, the total offense level was 21. Given his prior criminal history, Ortiz-Salazar fell into criminal history category II, resulting in an imprisonment range of 41 to 51 months. *See* U.S. SENTENCING GUIDELINES MANUAL ch. 5, p. A. The court ultimately meted out a 41-month prison term.

Finally, there remains the issue of whether Sokolow rendered ineffective assistance of counsel by failing to argue certain mitigating factors, such as extreme family hardship. "The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987). We cannot review this claim because of insufficient development of the record; Ortiz-Salazar can raise it in his petition for habeas relief.

The *Anders* motion is GRANTED, and Ortiz-Salazar's appeal is consequently DISMISSED.