United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

———————

N⁰ 04-20990
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL MOTILAL MAHARAJ,

Defendant-Appellant,

———————

Appeals from the United States District Court
for the Southern District of Texas
N⁰ 4:04-CR-79-1

———————

Before SMITH, GARZA, and PRADO,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Michael Maharaj appeals his sentence imposed pursuant to a plea agreement in which he pleaded guilty of conspiracy to defraud the government under 18 U.S.C. § 286 by making false, fictitious, or fraudulent claims for federal income tax refunds. Maharaj argues that the district court affected his substantial rights by failing to notify him of its authority to order restitution and by imposing a sentence above the maximum indicated at his plea hearing.

Because the district court did not commit plain error, we affirm.

## I.

The plea agreement provided, *inter alia*, that the maximum statutory penalty for violating § 286 is $250,000 and that any fine or restitution would be due immediately. The agreement also contained an appeal waiver, which provided that Maharaj surrendered his right to appeal his sentence unless the court imposed (1) a sentence above the statutory maximum or (2) an upward departure from the sentencing guidelines that was not requested by the government.

At rearraignment, the court advised Maharaj that he was subject to a maximum of 10 years' imprisonment and/or a fine of $250,000, a maximum of 3 years' supervised release, and a special assessment of $100. The court did not advise that it had authority to order him to pay restitution. The court read Maharaj the appeal waiver. Maharaj represented that he had read and that he understood the terms of the plea agreement, and he signed the agreement on the record.

The pre-sentence report indicated that Maharaj would be required, *inter alia*, to make restitution. The court sentenced Maharaj to 78 months' imprisonment, 3 years' supervised release, a fine of $125,000.00, restitution jointly and severally with his co-defendants of $225,238.92, and a $100 special assessment.

## II.

A defendant may waive his right to an appeal in a written plea agreement if the waiver is informed and voluntary. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). A defendant is not bound by an appeal waiver where the government does not seek enforcement of the waiver provision.[1] In its brief, the government states that it does not seek enforcement of the waiver.

Maharaj argues he is entitled to a reduction in his required payment from $350,338.92 to $250,000.00, the maximum amount indicated at his rearraignment hearing, because the court failed to advise him, in violation of Federal Rule of Criminal Procedure 11(b)(1)(K), that he might be required to pay restitution.[2] Because Maharaj raises this issue for the first time on appeal, we review for plain error.[3]

Under plain error review, the defendant must show that the district court (1) committed error (2) that was plain and (3) affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even if we find plain error, we retain discretion whether to correct it and generally will decline to do so unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings."[4]

---

[1] *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("In the absence of the government's objection to [the defendant's] appeal based on his appeal waiver, the waiver is not binding because the government has waived the issue.").

[2] *See* FED. R. CRIM. P. 11(b)(1)(K) (stating that "the court must inform the defendant of, and determine that the defendant understands . . . the court's authority to order restitution").

[3] *United States v. Vonn*, 535 U.S. 55, 59 (2002) (holding that a defendant who fails to raise rule 11 error at trial "has the burden to satisfy the plain-error rule").

[4] *United States v. McIntosh*, 280 F.3d 479, 482 (5th Cir. 2002) (quoting *Olano*, 507 U.S. at 736 (internal quotations omitted)).

Because the district court violated rule 11 by not informing Maharaj of its authority to order restitution, the court committed error that was plain. *See Olano*, 507 U.S. at 732. Maharaj relies on *United States v. Glinsey*, 209 F.3d 386 (5th Cir. 2000), and *United States v. Powell*, 354 F.3d 362 (5th Cir. 2003), to claim that the error affected substantial rights because the total amount of liability imposed exceeded the amount that the court advised him would follow as a result of his guilty plea.

We have stated, when conducting harmless error review, that substantial rights are violated under rule 11 if "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). In *Glinsey*, 209 F.3d at 396, in circumstances nearly identical to these, we adjusted the sentence by the difference between the amount the court imposed and the amount it warned the defendant he could receive. We stated that the defendant "is not prejudiced so long as his liability does not exceed the maximum amount that the court informed him could be imposed as a fine." *Id.* at 395.[5]

Even assuming that *Glinsey* controls as to what affects substantial rights in the context of plain-error review, we would not find plain error here. First, Maharaj's written plea agreement, unlike Glinsey's, specifically mentions the possibility of restitution. *See id.* at 394. Maharaj indicated he read and understood the

terms, and he signed the agreement on the record. He also received notice of the possibility of restitution in his pre-sentence report.[6]

Second, Maharaj was held jointly and severally liable with his co-defendants for the full amount of restitution, a fact that decreases the likelihood that he would be held personally responsible for payment in excess of $250,-000.00. *See id.* at 392 (implying Glinsey was solely responsible for restitution). Third, *Glinsey* merely stands for the proposition that a judgment equal to the amount announced at the plea colloquy cannot, by definition, affect a defendant's substantial rights, because the defendant received fair notice of that amount under rule 11. *See id.* at 395. It does not follow that a judgment above the notified amount *necessarily* affects substantial rights. Glinsey's sentence was substantially further above the notified amount than is Maharaj's. *See id.* at 395 (noting the additional imposition of $266,317.06). Fourth, and most importantly in the context of plain error review, because Maharaj did not object to the rule 11 violation at trial, we are not persuaded that he would not have pleaded guilty but for the error.

Finally, even if Maharaj had established plain error, this case does not present facts that "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *McIntosh*, 280 F.3d at 482. In particular, the fact that Maharaj received notice of the possi-

---

[5] *See also Powell*, 354 F.3d at 370 (stating that failure to disclose the possibility of restitution "could be harmful error when the quantum of that restitution exceeds the liability amount used by the court in notifying the defendant as to the consequences of his guilty plea.").

[6] Maharaj notes that in *Powell* the defendant had also received notice of restitution in his plea agreement and pre-sentence report. *See id.* at 367. But *Powell* does not control, because the court had no occasion to modify the judgment, given that the amount ultimately imposed was less than the amount announced to the defendant during the plea colloquy. *See id.* at 369.

bility of restitution in his pre-sentence report and written plea agreement convinces us that the district court afforded him adequate due process.

AFFIRMED.