IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-20251
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SUNNY ALFRED IMEH

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
4:05-CR-50

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sunny Alfred Imeh ("Imeh") pleaded guilty to two counts of an indictment charging him with conspiracy in violation of 18 U.S.C. § 371 and healthcare fraud in violation of 18 U.S.C. § 1347. Pursuant to the plea agreement, Imeh waived the ability to appeal his sentence, and agreed to cooperate with the government. The government agreed to dismiss the remaining counts in the indictment. Imeh never filed a timely notice of appeal. However, he did

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eventually file a pro se motion to file an untimely notice of appeal, arguing that he instructed his original attorney to file an appeal, but his attorney never did. The district court denied Imeh's motion stating that Imeh had waived all appellate rights in his plea agreement. Imeh appeals the district court's order denying his motion to file an untimely notice of appeal. We review the district court's denial for an abuse of discretion. See United States v. Clark, 193 F.3d 845, 846 (5th Cir. 1999).

> Imeh's plea agreement provided specifically that:

> Defendant is aware that 18 U.S.C. 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.... Defendant is aware that 28 U.S.C. 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

Based on the language in his plea agreement and his plea colloquy with the district court, Imeh only waived the right to appeal his sentence. See United States v. Palmer, 456 F.3d 484, 487-89 (5th Cir. 2006). He retained the right to challenge his conviction on direct appeal. See id. Therefore, Imeh had not waived all appellate rights, and the district court improperly relied on this ground in denying his motion. Still, Imeh must provide a legal basis for his motion in order to show an abuse of discretion in the district court's denial.

FED. R. APP. P. 4(b)(4) provides that a district court may extend the time for filing a notice of appeal "upon a finding of excusable neglect or good cause." Imeh's motion claimed that his original attorney failed to file a timely notice of appeal despite Imeh's request to do so. We have recognized that failure to file a timely notice of appeal after being instructed to do so by a client constitutes ineffective assistance, and thus excusable neglect. Clark, 193 F.3d at 846-47 (5th Cir. 1999). Because the district court disposed of Imeh's motion on waiver

grounds, no evidence has been heard on whether Imeh's counsel performed ineffectively in failing to file a timely notice. Therefore, we VACATE the district court's order denying the motion and REMAND for further proceedings to evaluate whether Imeh can establish excusable neglect.

Imeh's appointed appellate counsel has moved for leave to withdraw and has filed a brief as required by Anders v. California, 386 U.S. 738 (1967), claiming that Imeh has no nonfrivolous grounds for appeal. This court's independent review of counsel's brief and the record discloses a nonfrivolous issue as to whether the district court's failure to admonish Imeh during the rearraignment about its authority to order restitution constitutes reversible plain error. An appeal focusing on the district court's failure to admonish under FED. R. CRIM. P. 11(c)(1) concerns the voluntariness of a defendant's plea, and thus the issue of conviction. See United States v. Glinsey, 309 F.3d 386, 394 (5th Cir. 2000). Therefore, assuming Imeh is able to file a new notice of appeal, Imeh has not waived his ability to appeal this issue through his prior waiver of appellate rights concerning sentencing. Accordingly, the motion for leave to withdraw is DENIED. If Imeh files a notice of appeal as to his conviction, counsel is ORDERED to submit a brief addressing this issue and any other nonfrivolous issues counsel deems appropriate.