REVISED SEPTEMBER 17, 2008

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals Fifth Circuit**

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-20930

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

SUNNY ALFRED IMEH

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-cr-00050

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sunny Alfred Imeh ("Imeh") appeals the voluntariness of his guilty plea. Imeh argues that the district court affected his substantial rights by failing to notify him of its authority to order restitution, and by imposing a restitution order in excess of the maximum amount that the court warned him could be imposed as a fine. Imeh asks this court to reduce the amount of restitution

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ordered by the district court to the total amount of fines warned of in the district court's admonition. Imeh failed to establish that he would not have pleaded guilty but for the error, or that this case presents facts that seriously affect the fairness, integrity, or public reputation of judicial proceedings. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2005, Imeh was charged in a thirty-three count superseding indictment with, inter alia, conspiracy to commit wire fraud, mail fraud, health care fraud, and aiding and abetting, all related to his durable medical equipment company. In June 2005, after signing a plea agreement, Imeh pleaded guilty to two counts: conspiracy, in violation of 18 U.S.C. § 371, and health care fraud, in violation of 18 U.S.C. § 1347. In the written plea bargain, Imeh agreed to cooperate with the ongoing government investigation. He also agreed to pay restitution to the government, a fine imposed by the court, and a $200 special assessment. In the agreement, Imeh waived his right to appeal his sentence unless the sentence imposed was above the statutory maximum. The government dismissed the remaining charges.

Before Imeh entered his plea, the district court held a hearing, pursuant to Federal Rule of Criminal Procedure 11, during which the court admonished Imeh that he could be responsible for a fine of up to $250,000 for each of the two counts in his guilty plea. The court did not warn Imeh of the possibility of restitution, although at the plea colloquy the government read aloud the factual basis for the pleas—including the fact that Imeh had received approximately $1.6 million in his scheme. Imeh acknowledged that the factual basis was accurate. The district court sentenced Imeh to sixty months' imprisonment for the conspiracy count and sixty-three months' imprisonment for the health care fraud count, to be served concurrently. The court also imposed restitution in the amount of $668,730.05. The court did not impose a fine.

## II. JURISDICTION

Imeh did not file a timely notice of appeal, but he later filed a pro se motion to file an untimely notice of appeal. The district court denied the motion based on Imeh's waiver of the right to appeal in his plea agreement. In an appeal of that ruling, this court held that the district court erred in denying Imeh's motion because the plea agreement waived only Imeh's right to appeal his sentence, not his right to appeal his conviction. See United States v. Imeh, 255 F. App'x 833, 834-35 (5th Cir. 2007) (per curiam) (unpublished) (citing United States v. Palmer, 456 F.3d 484, 487-89 (5th Cir. 2006)). Because Imeh's Rule 11 argument implicated the voluntariness of his guilty plea, this court considered this appeal to be a challenge to Imeh's conviction. Imeh, 255 F. App'x at 835. In characterizing Imeh's appeal as an appeal of his conviction, this court relied on United States v. Glinsey, 209 F.3d 386, 394 (5th Cir. 2000). Imeh, 255 F. App'x at 835. Glinsey characterized a Rule 11 error as affecting the voluntariness of a guilty plea, and it provided a reduced restitution award as a remedy. 209 F.3d at 394, 396.[1] On remand, the district court granted Imeh an out-of-time appeal.

## III. STANDARD OF REVIEW

Because Imeh's trial counsel did not object to the restitution order at the time of the district court's Rule 11 admonishment, this court reviews for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002). To constitute plain error, Imeh must show that "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). To justify reversal for a district

---

[1] The defendant in Glinsey sought to withdraw his guilty plea, but the court fashioned a remedy that adjusted his sentence, rather than overturning his conviction. 209 F.3d at 392, 395 ("We may reduce the order of restitution to $1 million, an amount that does not infringe his substantial rights. Glinsey is not prejudiced so long as his liability does not exceed the maximum amount that the court informed him could be imposed as a fine.").

court's error in a Rule 11 admonishment of a defendant, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). In addition, this court may correct a plain error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks omitted).

## IV. DISCUSSION

Federal Rule of Criminal Procedure 11(b)(1) requires a district judge to "inform the defendant of, and determine that the defendant understands" certain rights and consequences of a guilty plea before accepting the plea. One of those admonishments is "the court's authority to order restitution." FED. R. CRIM. P. 11(b)(1)(K). The district court in this case did not advise Imeh of its authority to order restitution. The court only told Imeh that he could be fined $250,000 for each of the two counts to which he pleaded guilty. However, Imeh agreed to pay any restitution award in his written plea agreement. The district court did not ask whether Imeh had read and understood the plea agreement.

In this appeal, Imeh argues that the district court's failure to warn him of the possibility of restitution was plain error and contends that the proper remedy is to reduce the $668,730.05 restitution order to the total amount of fines warned of in the court's admonition, $500,000. Imeh relies primarily on this court's decision in Glinsey. 209 F.3d at 395. In Glinsey, the defendant's plea agreement did not mention restitution and the district court did not warn the defendant of the possibility of restitution. Id. at 394. The district court informed Glinsey only that he could face a fine of up to $1 million. Id. At sentencing, the district court imposed restitution in the amount of $1,266,317.06; no fine was imposed. Id. at 392.

At the time Glinsey was decided, this court applied a harmless error analysis to Rule 11 errors, asking: "(1) Did the sentencing court in fact vary from

4

the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). Under that analysis, a defendant's substantial rights were violated if "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." Id. at 302.

Noting the Johnson harmless error standard, the Glinsey court framed the issue before it: "the question is whether Glinsey's knowing about the roughly $266,000 difference (between the amount of the possible fine he was informed of and the restitution actually ordered) would have affected his willingness to plead guilty." Glinsey, 209 F.3d at 395. However, Glinsey never answered that question. Id. ("Even assuming that the roughly $266,000 difference might have affected his decision to plead guilty, the judgment need not be vacated."). Instead, the court merely reduced the amount of restitution to $1 million, the amount the district court warned Glinsey he might have to pay in fines. Id. The court reasoned that a defendant "is not prejudiced so long as his liability does not exceed the maximum amount that the court informed him could be imposed as a fine." Id. "'Whether the amount to be paid is classed as restitution or a fine ordinarily makes little difference in its bite, and warning of one but not the other does not require collateral relief.'" Id. (quoting United States v. Stumpf, 900 F.2d 842, 845 (5th Cir. 1990)). Thus, Glinsey established the rule that a potentially prejudicial Rule 11 error can be remedied by simply reducing the amount owed in restitution—instead of remanding to give the defendant an opportunity to revise his plea.

Because the court reduced Glinsey's financial obligation as a remedy, we can infer that the court must have believed that if a defendant's liability exceeds the maximum amount the court informed him could be imposed, that may, at least in some circumstances, constitute prejudicial error. Cf. United States v.

Maharaj, 176 F. App'x 536, 539 (5th Cir. 2006) (unpublished) ("Glinsey merely stands for the proposition that a judgment equal to the amount announced at the plea colloquy cannot, by definition, affect a defendant's substantial rights, because the defendant received fair notice of that amount under [R]ule 11. It does not follow that a judgment above the notified amount necessarily affects substantial rights." (citation omitted)).

Imeh urges this court to apply Glinsey here; however, the remedy in Glinsey is not appropriate under the circumstances. First, Glinsey merely notes that a restitution award lower than the total amount warned of by the district court does not affect substantial rights; that does not require that all awards exceeding the amount warned of by the district court must necessarily affect substantial rights. See Maharaj, 176 F. App'x at 538. Second, the defendant in Glinsey was not warned in his plea agreement of the possibility of restitution—Imeh signed a plea agreement that recognized the possibility of restitution. Third, a different standard applies: Glinsey's harmless error approach asked only whether a proper admonishment would have been likely to affect his willingness to plead guilty. In contrast, in the plain error context, Imeh must show a reasonable probability that, but for the error, he would not have entered the plea.[2]

---

[2] The government argues that Glinsey does not apply in this case because the restitution in Glinsey was ordered pursuant to 18 U.S.C. § 3663, which authorizes discretionary restitution. Here, the restitution was ordered pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. However, the government's argument misses the mark. First, the MVRA does not alter the Fifth Circuit's review of Rule 11 errors. See United States v. Lam, 233 F.3d 575 (5th Cir. 2000) (per curiam) (unpublished table decision) (applying Glinsey even when the restitution was ordered pursuant to the MVRA). Second, this court has noted that the MVRA makes a district court's Rule 11 admonishment more important than when restitution awards are discretionary: "it is extremely critical that the sentencing judge give as full a disclosure as possible at the time of the plea colloquy regarding the court's authority to order mandatory restitution and the probable quantum thereof." United States v. Powell, 354 F.3d 362, 369-70 (5th Cir. 2003). Therefore, the Glinsey court's failure to impose mandatory restitution does not distinguish its holding.

The critical factor in our decision not to apply a Glinsey-type remedy is that we review the voluntariness of guilty pleas for plain error when the defendant did not make a contemporaneous objection. In Vonn, 535 U.S. at 59, the Supreme Court held that the plain error standard applies in reviewing a Rule 11 error where the defendant failed to object in the trial court. Plain error review differs from harmless error review in two important ways. First, in harmless error review, the government carries the burden to show that a trial error did not affect a defendant's substantial rights. Id. at 58. In plain error review, the defendant carries the burden of showing that the error affected his rights. Id. Second, in plain error review, even if a defendant makes such a showing, he "has the further burden to persuade the court that the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. at 63 (internal quotation marks omitted).

The only case in this circuit applying plain error review to a Rule 11 error of this type is Maharaj. 176 F. App'x at 538. In that case, the district court warned the defendant of the possibility of a fine up to $250,000 but did not warn him of the court's authority to order restitution. Id. at 537. The defendant's plea agreement stated that any fine or restitution would be due immediately. Id. Maharaj represented to the district court that he had read and understood the plea agreement. Id. at 538. At sentencing, the district court imposed MVRA-required restitution of roughly $225,000, plus a $125,000 fine. Id. Although Maharaj did not make a contemporaneous objection, he appealed the restitution order, arguing that his total financial obligation should be reduced from $350,000 to the amount the district court orally admonished him—about $250,000. Id. Because Maharaj failed to raise an objection before the district court, this court applied plain error review. Id.

The Maharaj court concluded that, "[m]ost importantly in the context of plain error review . . . we are not persuaded that [the defendant] would not have

pleaded guilty but for the error." Id. at 539. That is, when the defendant fails to object contemporaneously to the Rule 11 admonishments, we apply plain error review. As defined in the Rule 11 plain error context, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." Dominguez Benitez, 542 U.S. at 83.[3]

The district court's failure to notify Imeh that it had the authority to order restitution was clear and obvious error. FED. R. CRIM. P. 11(b)(1)(K); see Glinsey, 209 F.3d at 394; Maharaj, 176 F. App'x at 538. However, Imeh has failed to show that the Rule 11 error in this case affected his substantial rights. Imeh asserts that the difference between the restitution order and the district court's warning "makes it unlikely that Imeh would have pleaded guilty" but for the district court's failure to provide the proper admonishment. This bald assertion alone is not enough to show a "reasonable probability" that the district court's error was a but for cause of Imeh's decision to enter the plea. Furthermore, Imeh offers no ground on which to conclude that his sentence "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." See Olano, 507 U.S. at 732 (internal quotations marks omitted).

## V. CONCLUSION

Imeh has failed to show that but for the district court's error he would not have pleaded guilty. In addition, he has not shown that the verdict in this case affects the fairness, integrity, or public reputation of judicial proceedings.

---

[3] Although the facts of Maharaj can be distinguished from this case on several grounds, none persuade us that Imeh is entitled to relief. First, Maharaj was held jointly and severally liable for the restitution order with his two co-defendants—not so in the instant case. Second, the difference between the judgment amount and the amount warned of at the plea colloquy was approximately $100,000 in Maharaj—that difference is $168,730.05 in the instant case. Finally, the defendant in Maharaj represented to the district court that he had read and understood the plea agreement—Imeh made no such representation before the trial court. None of these factors, however, suggest that the plain error standard, applied in Maharaj, should not apply here.

Accordingly, we affirm the district court's conviction and decline to adjust the restitution order.

AFFIRMED.