# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2010

No. 08-41185
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLAYTON EVANS STOTTS,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-47-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Clayton Evans Stotts ("Stotts") appeals his conviction and 188-month sentence for conspiracy to possess with intent to distribute more than 15 kilograms of cocaine on the grounds that the district court lacked a sufficient factual basis to accept his guilty plea. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-41185

## I. Factual and Procedural Background

On February 23, 2008, police stopped Stotts for a traffic violation. After a subsequent pat down search, Stotts fled from police. Shortly thereafter, he was taken into custody. In the searches of his vehicle and apartment that followed, police discovered approximately 3,500 grams of cocaine, 68.756 grams of ecstasy, 1.46 grams of methamphetamine, 1 ketamine pill, 1.8 grams of 2,5-dimethoxyphenethylamine, and a .45 caliber handgun from which the serial number had been scratched off.

Stotts was charged by way of a two count indictment. Count One charged Stotts with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. Count Two charged Stotts with possession of a firearm in furtherance of a drug trafficking crime. Stotts entered into a written plea agreement with the Government. He agreed to plead guilty to Count 1. In exchange, the Government dismissed Count 2 and agreed to bring no additional "non-tax-related" charges based upon the same underlying conduct.

In connection with his plea agreement, Stotts executed a statement of facts in support of his plea. He admitted that he was the individual identified by the indictment and that the offense conduct occurred in the Eastern District of Texas. He admitted that he made an agreement to possess with intent to distribute at least 15 kilograms of cocaine with one or more persons. He admitted that he knew the unlawful purpose of the agreement and that he joined in it with the intent to further it. Finally, he admitted that the amount of cocaine involved during the term of the conspiracy was greater than 15 kilograms of cocaine but less than 50 kilograms.

When Stotts appeared in court to plead guilty, he again admitted to the facts underlying the charges against him. In response to the district court's questioning, Stotts admitted that he "made an agreement to knowingly and intentionally distribute and possess with intent to distribute at least 15

2

No. 08-41185

kilograms but less than 50 kilograms of a mixture or substance containing cocaine." The district court asked whether Stotts "enter[ed] into an agreement with someone else to possess with intent to distribute that quantity of cocaine," and Stotts responded, "Yes, sir." Stotts acknowledged that he knew the agreement was unlawful when he joined it and that he participated with an intent to further it. Finally, he admitted that the amount of cocaine involved in the conspiracy in fact involved at least 15 kilograms of cocaine but less than 50 kilograms of cocaine. Later, at sentencing, Stotts provided corroborating evidence of his participation in the conspiracy when he explained that he had provided police with his associates' "street names" and telephone numbers and that he had offered to assist in any way possible to help secure additional arrests.

Based on the stipulated facts in support of Stotts's plea agreement and his admissions in open court, the district court accepted Stotts's plea. The court subsequently sentenced Stotts to a term of 188 months in prison and five years of supervised release. Stotts timely appealed.

## II. Standard of Review

Even a defendant who has validly waived his right to appeal may challenge the factual basis underlying his guilty plea. *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir.), *cert. denied*, 129 S. Ct. 437 (2008). This court considers the entire record of the proceedings in assessing whether there is an adequate factual basis for a guilty plea. *United States v. Vonn*, 535 U.S. 55, 74 (2002). Because Stotts did not object to the sufficiency of the factual basis underlying his plea in district court, however, we will only review for plain error. *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). To establish plain error, an appellant must show a forfeited error that was clear or obvious and that affected his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the

3

No. 08-41185

discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

### III. Discussion

Stotts alleges that the district court lacked a sufficient factual basis to find that he conspired with any other person in his scheme to possess with intent to distribute more than 15 kilograms of cocaine.[1] A district court cannot enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). The district court must compare the conduct that the defendant admits with the elements of the offense charged in the indictment or information. *Hildenbrand*, 527 F.3d at 474-75. The factual basis for the guilty plea must be specific enough to allow the court to determine that the defendant's conduct constituted a crime. *See United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006). In addition to the facts adduced in the plea agreement and during the colloquy, this court may also consider inferences "fairly drawn" from evidence presented after the plea but before or at sentencing. *Hildenbrand*, 527 F.3d at 475. We conclude that Stotts has not met the high burden necessary for a reversal under plain error review.

Stotts admitted to engaging in specific factual conduct both in writing and in open court that supported his guilty plea. He admitted he made an agreement to sell drugs. He admitted that he knew the agreement was unlawful and that he wanted to further it. He admitted that the conspiracy had in fact involved at least 15 but less than 50 kilograms of cocaine. At sentencing, he sought a

---

[1] Stotts also claims that the record does not support a finding that the conspiracy involved at least 15 kilograms of cocaine. This claim of error is plainly without merit. First, Stotts admitted to the amount of cocaine three separate times: (1) in the statement of facts in support of plea; (2) when he admitted to the type of conspiracy he entered; and (3) when he specifically conceded that the conspiracy had in fact involved between 15 and 50 kilograms of cocaine. Second, the fact, as Stotts contends, that a lesser amount of cocaine was still in his possession at the time of his arrest is not inconsistent with nor does it negate his factual admissions as to quantity.

No. 08-41185

reduction in his sentence based on information about drug activity that he had provided to police—including his associates' "street names"and telephone numbers. A plea of guilty on a charge of conspiracy does not clearly or obviously lack a factual basis merely because the district court fails to solicit the full legal names of the co-conspirators or adduce separate evidence of intent beyond an express confession as Stotts would have us hold. Thus, the factual basis underlying Stotts's plea appears to have been adequate.

Even if we were to assume *arguendo* that the district court clearly or obviously erred, however, Stotts has failed to show how that error affected his substantial rights. To prove a clear or obvious error affects substantial rights, an appellant "must show a reasonable probability that, but for the error, he would not have entered the plea." *Castro-Trevino*, 464 F.3d at 541 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). Stotts has made no argument on appeal suggesting that it is reasonably probable he would have pled not guilty but for the district court's supposed error. Arguably, this failure to brief waives his claim. *See United States v. Torres-Coronado*, 369 F. App'x 549, 550 (5th Cir. 2010) (unpublished).[2]

Even if he had briefed it, however, Stotts would not have prevailed. He stipulated to the underlying facts in writing then admitted under oath to that same course of conduct in open court. Additionally, he admitted that he had conferred with counsel to his satisfaction and he understood the charges against him. Moreover, Stotts reaped substantial benefits by pleading guilty to Count One to secure the dismissal of Count Two and the consecutive five-year mandatory minimum sentence it would have carried.[3] Stotts's unsworn

---

[2] Although unpublished decisions are not precedent, they are cited for their factual similarity and persuasive reasoning.

[3] We acknowledge that the Supreme Court will hear the case of *Gould v. United States*, 130 S. Ct. 1283 (2010) (granting petition for certiorari), on October 4, 2010. Should the

No. 08-41185

assertions in his pro se notice of appeal that he would not have pled guilty simply do not rebut these repeated admissions and the clear benefit he derived by pleading guilty. *See United States v. Imeh*, 291 F. App'x 637, 642 (5th Cir. 2008) (unpublished) (holding that a "bald assertion alone" is insufficient to show a reasonable probability that the defendant would have pled not guilty but for the district court's error). Thus, Stotts has failed to show that any error on the part of the district court affected his substantial rights.

## IV.  Conclusion

For the reasons set forth above, we AFFIRM Stotts's conviction and sentence.

---

petitioner prevail in that case, criminal defendants may no longer be subject to the additional five-year mandatory minimum sentence imposed by 18 U.S.C. § 924(c).  Section 924(c) underlies the charge in Count 2 of Stotts's indictment.  Nonetheless, nothing about the decision in *Gould* can affect what Stotts would have known or been subject to on the date he decided to plead guilty—the only inquiry before us today.