# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20530
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VIRAJ PATEL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-385-36

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Viraj Patel pleaded guilty to conspiracy to commit money laundering and was sentenced within the advisory guidelines range to 165 months of imprisonment, three years of supervised release, restitution in the amount of $8,970,396.15, and a $100 special assessment. He contends that his guilty plea was unknowing and involuntary because the district court did not advise him of its authority to order restitution; that there

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is a reasonable probability that he would not have pleaded guilty if the district court had so advised him; and that a miscarriage of justice will result if the court does not vacate his conviction and remand for further proceedings or alternatively reduce the amount of restitution to $250,000, the statutory maximum fine of which the district court advised him.

Patel concedes that he did not raise this issue in the district court. Therefore, review is limited to plain error. *See United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). To prevail on plain error review, Patel must show (1) a forfeited error (2) that is clear or obvious, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to correct any such error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Although the district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11 at rearraignment, the court did not advise Patel of its authority to order restitution as required by Rule 11(b)(1)(K); that error was clear and obvious. *See United States v. Imeh*, 291 F. App'x 637, 640 (5th Cir. 2008). However, Patel has not shown that the district court's error affected his substantial rights, as he has not shown that there is a reasonable probability that, but for the district court's error, he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The district court ordered a restitution award that was much higher than the fine of which the district court advised him at the rearraignment hearing; the court advised Patel of the possibility of a fine of up to $250,000 or twice the gross gain or loss, and the district court ordered restitution in the amount of approximately $8,900,000. However, the plea agreement advised Patel of the possibility of restitution and that he would be held responsible for a loss amount between $3.5 million and $9.5 million. At rearraignment, Patel agreed

that the district court correctly stated the terms of the plea agreement, and he signed the agreement in open court.  The district court held Patel jointly and severally liable with his codefendants for the restitution award.  In addition, the PSR and the district court at the sentencing hearing stated the exact amount of the restitution award, and Patel did not object.  In view of the entire record, the facts suggest that Patel's decision to plead guilty was an informed one.  He has not shown that there is a reasonable probability that, but for the court's error, he would not have pleaded guilty.  *See Dominguez Benitez*, 542 U.S.at 83.  Further, in view of the entire record, Patel has not shown that we should exercise our discretion to correct the error because the error does not affect the fairness, integrity, or public reputation of judicial proceedings.  *See Puckett*, 556 U.S. at 135.

The Government contends that Patel knowingly and voluntarily waived his right to appeal his conviction and sentence, including the restitution order.  Patel argues that the appeal waiver was not knowing and voluntary because the district court did not advise him that the waiver covered any potential restitution order.

The record reflects that Patel knew he had the right to appeal and that he was voluntarily waiving that right by entering the plea agreement.  *See United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir. 2014); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  The plea agreement contains a general appeal waiver, as well as a separate paragraph expressly stating that Patel "waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the court."  At rearraignment, the district court advised Patel of the terms of the plea agreement and the appeal waiver provision; he agreed with the court's summary of the terms of the agreement and signed it in open court.  Patel did

not ask any questions or express any confusion concerning the appeal waiver. Accordingly, to the extent Patel challenges the restitution award, his challenge is barred by the appeal waiver, and the Government's motion to dismiss the appeal is granted as to this portion of the appeal. *See United States v. Keele*, 755 F.3d 752, 754-56 (5th Cir. 2014); *Higgins*, 739 F.3d at 736-37.

AFFIRMED IN PART; DISMISSED IN PART; MOTION TO DISMISS GRANTED IN PART.