# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-20093
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVIONNE OWENS,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-407-2

————————————————————

WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Davionne Owens pleaded guilty without a plea agreement in federal court to aiding and abetting interference with commerce by robbery and aiding and abetting brandishing of a firearm during and in relation to a crime of violence. He was sentenced to 147 months' imprisonment and ordered to pay $627,971 in restitution, jointly and severally with his codefendants. He

————————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

timely appealed his conviction and sentence. He asks us to (1) reduce his restitution obligation because the magistrate judge varied from Federal Rule of Criminal Procedure 11(b)(1)(K) by failing to advise him of the district court's authority to order restitution, and (2) remand so that the district court can correct a clerical error in his written judgment.

I

We begin with Owens's Rule 11 argument. Owens requests that we reduce his restitution award to the amount of the fine ($500,000) that the magistrate judge warned he might face, like we did in *United States v. Glinsey*, 209 F.3d 386 (5th Cir. 2000). But Owens does not cite, and we have not found, any case in which we have applied *Glinsey*'s restitution-reduction approach since the Supreme Court's decision in *United States v. Vonn*, 535 U.S. 55 (2002), supplanted *Glinsey*'s harmless-error review with plain-error review. "The critical factor in our decision not to apply a *Glinsey*-type remedy is that we review the voluntariness of guilty pleas for plain error [not harmless error] when the defendant did not [make] a contemporaneous objection." *United States v. Imeh*, 291 F. App'x 637, 641 (5th Cir. 2008) (per curiam).

Because Owens raises this issue for the first time on appeal, we review for plain error. *See Vonn*, 535 U.S. at 58–59. To establish plain error, Owens must show that the magistrate judge (1) committed an error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show that the Rule 11 error affects his substantial rights, Owens must demonstrate "a reasonable probability that, but for the [Rule 11] error, he would not have entered the plea." *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We consider several factors, including: (1) "the difference between the maximum possible fine of which the defendant was advised at rearraignment and the total amount of

restitution and finds imposed by the district court at sentencing"; (2) "whether the plea agreement advised the defendant of the court's authority to order restitution and, if so, whether the defendant acknowledged that he had read and understood the plea agreement during the rearraignment"; and (3) "whether the defendant was jointly and severally liable with codefendants for making restitution." *United States v. Baldon*, 457 F. App'x 393, 397 (5th Cir. 2012) (per curiam). Even if Owens carries his burden on the first three plain-error prongs, we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See Puckett*, 556 U.S. at 135 (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The magistrate judge's failure to notify Owens that the district court had the authority to order restitution was clear and obvious error. *See Imeh,* 291 F. App'x at 642; Fed. R. Crim. P. 11(b)(1)(K). However, the error did not affect Owens's substantial rights. The approximately $128,000 difference between the fine of which Owens was warned ($500,000) and his judgment amount ($0 fine and $627,971 in restitution) is significantly smaller than the multi-million-dollar differences in *United States v. Patel*, 786 F. App'x 452, 453–54 (5th Cir. 2019) (per curiam), and *Baldon*, 457 F. App'x at 396, that we said favored the defendant.[1] The remaining two *Baldon* factors further indicate that the Rule 11 error did not affect Owens's substantial rights. Although Owens did not have a plea agreement advising him of the district court's authority to order restitution, he was informed of the exact restitution amount in his presentence investigation report and at sentencing.

---

[1] But even with those multi-million-dollar differences, we still concluded that the Rule 11 error did not affect the defendant's substantial rights upon review of the other *Baldon* factors. *Patel*, 786 F. App'x at 453–54; *Baldon*, 457 F. App'x at 397.

*See United States v. Chaudhari*, 795 F. App'x 297, 298 (5th Cir. 2020) (per curiam); *Patel*, 786 F. App'x at 454. Owens did not object or move to withdraw his guilty plea. *See United States v. Maharaj*, 176 F. App'x 536, 539 (5th Cir. 2006) (stating that it was "most important[]" that the defendant "did not object to the rule 11 violation"). Nor does he argue on appeal that he would not have pleaded guilty had the magistrate judge complied with Rule 11. Moreover, he was held jointly and severally liable with his codefendants for making restitution. *See Patel*, 786 F. App'x at 454; *Maharaj*, 176 F. App'x at 539. On view of the entire record, Owens's decision to plead guilty was informed. Owens has not shown a reasonable probability that, but for the Rule 11 error, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83.

In addition, Owens makes no attempt to show that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See Puckett*, 556 U.S. at 135. We refuse to correct errors "when, as here, the complaining party makes no showing as to [this] fourth prong." *United States v. Caravayo*, 809 F.3d 269, 273–74 (5th Cir. 2015) (per curiam) (internal quotation marks and citation omitted). Regardless, Owens's failure on multiple occasions to object to the court's statements about restitution suggests that the error did not jeopardize the judicial proceedings. *See Baldon*, 457 F. App'x at 398. We would not exercise our discretion to remedy the error even if Owens satisfied the other prongs of plain-error review. *See id.*

Accordingly, the district court did not plainly err. We therefore decline to reduce Owens's restitution obligation.

## II

Owens also asserts, and the Government agrees, that the written judgment misstates the statute of conviction for Owens's firearm offense and should be corrected under Federal Rule of Criminal Procedure 36.

Rule 36 allows the district court to "at any time correct a clerical error in a judgment." FED. R. CRIM. P. 36. This rule applies "[w]here the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment." *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016) (citation omitted); *see also United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020).

The record clearly shows that Owens pleaded guilty to aiding and abetting brandishing of a firearm during or in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). However, the written judgment states that Owens's statute of conviction is § 924(c)(1)(A)(iii), which prohibits *discharging* a firearm. The written judgment thus "incorrectly recorded" Owens's statute of conviction. *See Ramirez-Gonzalez*, 840 F.3d at 247 (citation omitted); *Cooper*, 979 F.3d at 1089 (citation omitted). Because this clerical error falls within Rule 36's reach, we remand for the district court to correct the judgment. *See Cooper*, 979 F.3d at 1089.

\*　　\*　　\*

Accordingly, the judgment is AFFIRMED, and the case is REMANDED for the limited purpose of correcting the clerical error in the written judgment.